[No. 7,491.—In Bank.]

## WILLIAM COKER v. THE SUPERIOR COURT OF COLUSA COUNTY.

APPEAL FROM JUSTICE'S COURT.—To effectuate an appeal from the judgment of a Justice of the Peace three things are necessary, viz., the filing of a notice of appeal with the Justice, the service of a copy of the notice upon the adverse party, and the filing of an undertaking; and all these things must be done within thirty days after the rendition of the judgment, and are jurisdictional prerequisites. But the mere order in which they are done within that time is not material. Accordingly, where a judgment was rendered in a Justice's Court on June 12th, and a notice of appeal served on June 16th, and filed on June 17th, and the undertaking on appeal filed July 7th, *held*, the appeal was well taken.

APPLICATION for a writ of prohibition.

No briefs on file.

McKEE, J.:

By the return to the writ issued in this case it appears that the relator, as respondent in an action pending in the Superior Court of Colusa County, on appeal from the judgment of a Justice of the Peace, had made three motions in the case, viz.: one to dismiss the appeal on the ground that the undertaking on appeal was not filed in the Justice's Court, until several days had elapsed after service and filing of the notice of appeal; another to amend his notice of motion by inserting in it, as an additional ground, that the notice of appeal was not served on the same day it was filed; and the third to dismiss the appeal on the same ground.

| 58 | 177 |
| 84 | 393 |
| 84 | 536 |
| 58 | 177 |
| 86 | 75 |
| 58 | 177 |
| 88 | 465 |
| 58 | 177 |
| 90 | 372 |
| 58 | 177 |
| 148 | 743 |

By the petition of the relator, it appears that the judgment appealed from was rendered June 12th, 1880; that service of the notice of appeal was acknowledged by the attorney for the plaintiff June 16th, 1880; that the notice of appeal, with the indorsement of acknowledgment of service thereon, was filed with the Justice June 17th, 1880; and that the undertaking on appeal was filed July 7th, 1880.

Before the argument and submission of the first motion to dismiss the appeal, appellant's attorney made and filed an affidavit, upon which he asked leave to file a new undertaking on appeal. On that application, time was granted the respondent to file a counter-affidavit. He did not avail himself of the privilege; and it does not appear, by suggestion or otherwise, in the petition of the relator, that the Court has acted, or is about to act, upon the application. A writ of prohibition never issues to review what has already been done, nor to prevent the doing of an act which is not threatened to be done.

The Court denied each of the motions made to dismiss the appeal, and, after it had so decided, set the case down for trial, on a day certain, by consent of counsel. Whether or not the Court erred in its decisions upon those questions can not be inquired into on this application. A writ of prohibition is a preventive, not a remedial process. It can not be used to take the place of an appeal, or writ of *certiorari*, or other mode of review. Whenever any of these remedies is available prohibition can not be resorted to. (*Ex parte Roundtree*, 51 Ala. 51.) Having decided the motions, and set the case for trial on a certain day, the only question presented is, whether the Court in undertaking to try the case is acting without or within its jurisdiction, and that depends upon whether the appeal as taken was sufficient to give the Court jurisdiction over the case.

To effectuate an appeal from the judgment of a Justice of the Peace, three things are necessary, viz.: The filing of a notice of appeal with the Justice, the service of a copy of the notice upon the adverse party, and the filing of a written undertaking; and all these things must be done within thirty days after the rendition of the judgment. (§§ 974, 978, Code Civ. Proc.) All of them are jurisdictional prerequisites;

none of them can be dispensed with; nor can any one of them, if not done, be supplied, or if fatally defective, be remedied, after the time limited by the statute; for, until all the prerequisites are completed, the appeal is not effectual for any purpose.

Here, the notice of appeal was served and filed, and the undertaking on appeal was filed, within the time prescribed by the statute. But the one was not filed and served in the order named in the statute. The language of the statute is that an appeal shall be taken by filing a notice of appeal with the Justice, and serving a copy on the adverse party. It is not required that the copy of the notice served upon the adverse party shall contain a copy of the indorsement of filing by the Justice; nor is it required that the several prerequisites shall be done contemporaneously, or on the same day. It is only required that all of them must be done within thirty days after the rendition of the judgment. The mere order in which they are done within that time is not material. Until they are done, the plaintiff has the right to enforce his judgment by execution; but when done within the time limited for doing them, the appeal is completed; and although some of the papers, which make up the appeal, may be defective, or may not have been served or filed in the order named in the statute, or an execution may have been issued on the judgment and levied, yet they are, unless fatally defective, sufficient to confer jurisdiction upon the appellate court, and to stay proceedings on execution, according to § 979, Code Civil Procedure.

Although, then, the notice of appeal in the case was served the day before it was filed with the Justice, and the undertaking on appeal was not filed until several days after the notice had been served and filed, yet they were all served and filed within statutory time. No attack is made upon any of them as defective, and, as they were not fatally defective, they were sufficient to give the appellate court jurisdiction. Jurisdiction having been acquired, the Court had power to hear and determine any question arising within its jurisdiction, whether it affected the validity or sufficiency of any of the papers, or of the proceedings in the case, or to try the case; and its decisions thereon, even if erroneous, are not the sub-

ject of review by prohibition. Such a writ is only to be allowed to prevent the exercise of any unauthorized power in a cause or proceeding of which the subordinate tribunal has jurisdiction, or when the entire cause is without its jurisdiction. (*Maurer* v. *Mitchell*, 53 Cal. 292; *Appo* v. *The People*, 20 N. Y. 542.)

Application denied.

SHARPSTEIN, J., MORRISON, C. J., and THORNTON, J., concurred.

MCKINSTRY, J., concurred in the judgment.