[No. 13918.     In Bank. — September 20, 1890.]

## T. N. McCRACKEN, Petitioner, v. SUPERIOR COURT, Respondent.

Appeal from Justice's Court — Undertaking — Failure of Sureties to Justify. — Under section 978 of the Code of Civil Procedure, the failure of sureties on a bond on appeal from the justice's court to justify, within five days after the notice of exception to their sufficiency, renders the appeal a nullity, and an order of the superior court extending the time within which they might justify, or allowing the appellant to give other sureties, is in contravention of the statute and void.

Id. — Extension of Time — Construction of Code. — Section 1054 of the Code of Civil Procedure, giving the superior court power to extend the time within which certain acts may be done, does not apply to an act which is required to be done in the justice's court within the time limited by the statute, in order to give the superior court jurisdiction to act in the case at all.

Application for a writ of *certiorari* to review and annul the action of the Superior Court of Los Angeles County. The facts are stated in the opinion of the court.

*Willis & Appel*, and *Z. T. Cason*, for Petitioner.

*E. H. Bentley*, and *J. Gardiner*, for Respondent.

Works, J. — This is an application for a writ of *certiorari* to review and annul the action of the superior court of Los Angeles County, in extending the time for filing an undertaking on appeal from a justice's court, and in taking jurisdiction of the cause. The petitioner brought an action in the justice's court, and recovered a judgment on the nineteenth day of April, 1890. On the twenty-fourth day of the same month the defendant served and filed his notice of appeal to the superior court, and on the second day of May filed in the justice's court his undertaking on appeal. On the third day of May the petitioner duly excepted to the sufficiency of the sureties on the undertaking, and on the same day the defendant gave the petitioner notice that the sureties on said undertaking would justify before the justice on the seventh

day of May. On that day the petitioner appeared, but the sureties did not then or at any other time appear and justify. No new undertaking wa$ filed or deposit made by the defendant in the justice's court. On the ninth day of May, and after the expiration of the five days within which the sureties might have justified, the superior court, the respondent in this proceeding, made an order giving the defendant in that action thirty days' additional time within which to have the sureties justify, or give other sureties. After the expiration of thirty days from the time of the rendition of the judgment the petitioner moved to dismiss the appeal, which motion was denied, and the defendant was then allowed to give a new undertaking.

It is contended that, in making the order giving the defendant time within which to justify his sureties or give a new undertaking, and in permitting the defendant to file his undertaking after the expiration of thirty days from the time the judgment was rendered, the respondent exceeded its jurisdiction, and that its action should be annulled.

An appeal may be taken from a justice's court to the superior court at any time within thirty days after the rendition of the judgment. (Code Civ. Proc., sec. 974.) To effectuate the appeal three things are necessary; viz., the filing of a notice of appeal with the justice, the service of a copy of the notice upon the adverse party, and the filing of a written undertaking; and all of these things must be done within thirty days after the rendition of the judgment. (Code Civ. Proc., secs. 974, 978; *Coker* v. *Superior Court*, 58 Cal. 178.) In *Coker* v. *Superior Court*, 58 Cal. 178, it was said: " All of these are jurisdictional prerequisites. None of them can be dispensed with, nor can any of them if not done be supplied, or if fatally defective be remedied, after the time limited by the statute; for, until all the prerequisites are completed, the appeal is not effectual for any purpose."

Therefore, if no undertaking had been given in this case within the thirty days, it is clear that the appeal would not have been effectual for any purpose, and the superior court would have had no power or jurisdiction to make an order extending time or to take any action whatever in the case. Here an undertaking was given, but the sureties failed to justify within the time allowed by law. Section 978 of the Code of Civil Procedure provides: " The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amount stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." In other words, if the sureties fail to justify within the time prescribed, the "appeal is not effectual for any purpose." ( *Wood* v. *Superior Court,* 67 Cal. 115.)

The time within which these jurisdictional prerequisites shall be completed cannot be extended by an order of court. ( *Roush* v. *Van Hagen,* 17 Cal. 122.) It is evident that the respondent acted under the belief that section 1054 of the Code of Civil Procedure gave it authority to make the order; but, in our judgment, the section referred to has no application to this case. It certainly cannot be so construed as to give the superior court the power to make an order extending the time within which to do an act which is required to be done in the justice's court, and which must be done within the time limited by the statute, in order to give the superior court jurisdiction to act in the case at all. Whether the order extending time was made before or after the time when the act must be done in the justice's court can make no difference. The superior court had no jurisdiction to extend time within which to do an act in the justice's court while the action remained in that court, and, as we have seen, until the sureties justi-

fied, the cause remained in the justice's court. The appeal was not effectual for any purpose, and the superior court had no jurisdiction whatever in the case. It may be otherwise where a defective or informal undertaking has been given.

In such cases it has been held that the superior court may allow a new undertaking to be filed. (*Coulter* v. *Stark*, 7 Cal. 244; *Cunningham* v. *Hopkins*, 8 Cal. 33; *Rabe* v. *Hamilton*, 15 Cal. 31; *Gray* v. *Superior Court*, 61 Cal. 337; *Coker* v. *Superior Court*, 58 Cal. 177.) But to allow the superior court to assume jurisdiction, and make the order complained of in this case as against the plain provision of the code, that "if the sureties fail to justify within the time fixed" it must be regarded "as if no such undertaking had been given," would be to override the express and unequivocal language of the statute. It is well said in *Roush* v. *Van Hagen*, 17 Cal. 122: "It was necessary that the sureties should justify within five days after the notice of exception, and the failure to do so rendered the appeal a nullity. The statute provides that upon a failure to justify within the time limited, the appeal shall be regarded as if no undertaking had been given. The orders extending the time were in contravention of this provision, and were therefore inoperative. The statute is peremptory in its terms, and the consequence of a violation is, that the party loses the benefit of his appeal. 'It has been repeatedly held,' says Sedgwick, 'that courts have no dispensing power, even in matters of practice, when the legislature has spoken. Thus, where a statute declares that a judge at chambers may direct a new trial, if application be made within ten days after judgment, it has been said that he can no more enlarge the time than he can legislate in any other matter. When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice. So where an appeal, to be valid, must be made

within ten days, it is void if taken on the eleventh.'
(Sedgwick on Statutory and Constitutional Law, 322.)"
An undertaking required in order to perfect an appeal
may be distinguished from one to stay proceedings. As
to the latter it is not necessary to give the appellate
court jurisdiction, and the undertaking necessary to give
jurisdiction having been given, greater liberty is and
should be allowed as to the giving of the stay-bond, which
is only necessary to preserve to the party the benefits of
his appeal. (*Hill* v. *Finnigan*, 54 Cal. 493; *Lee Chuck*
v. *Quan Wo Chong Company*, 81 Cal. 228; 15 Am. St.
Rep. 50.) Authority is given the supreme court to ac-
cept a new undertaking in lieu of an insufficient one in
certain cases and on certain terms (Stats. 1861, p. 589,
sec. 3), but we know of no such statutory authority on
the part of the superior court. The respondent had no
jurisdiction to make the order complained of, and its
action must be annulled.

It is so ordered.

Fox, J., Paterson, J., McFarland, J., and Sharp-
stein, J., concurred.

Rehearing denied.