JAMES PRATT, RESPONDENT, *v.* SAMUEL M.
        JARVIS, APPELLANT.

APPEAL.—U. S. COMMISSIONER.—SURETIES JUSTIFYING.—Under section 3660, 2 Comp. Laws, 1888, providing that an appeal from a justice's court shall not be effectual for any purpose unless an undertaking be filed within five days, etc., and that the adverse party may, however, except to the sufficiency of the sureties within two days, after the filing of the undertaking, and unless they or other sureties justify before the justice within two days thereafter, upon notice to adverse party, the appeal shall be regarded as if no undertaking had been given, where on March 6th, 1891, defendant filed notice of appeal and undertaking thereon, and on March 7th, 1891, plaintiff served notice excepting to sureties, and on March 10th, 1891, sureties appeared, were sworn and examined, and undertaking approved, and afterwards district court dismissed the appeal because the sureties failed to justify within two days; *held* that the appeal was properly dismissed.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—JURISDICTION OF COMMISSIONER.—*Quaere* in this case the commissioner having, upon proceedings supplementary to execution, ordered J., not a party to record, to pay judgment and costs or in default thereof to be committed, what jurisdiction had commissioner in proceedings supplementary to execution?

APPEAL from a judgment of the district court of the first district. The opinion states the facts except the following:

The proceedings supplementary to execution are under the Utah statute a substitute for a creditor's bill. By the Poland Bill, June 23d, 1874, the district courts are given original exclusive jurisdiction in all suits or proceedings in chancery. The point is not argued by counsel, and therefore not noticed by the court, but how could the

United States Commissioner obtain jurisdiction in such a proceeding?

*Messrs. Rhodes and Hudson,* for the appellant.

*Messrs. Maloney and Perkins,* for the respondent.

ANDERSON, J.:

The record shows that the plaintiff obtained a judgment against the Jarvis-Conklin Mortgage Trust Company in a commissioner's court for $190 and costs. An execution was issued upon the judgment, which was returned unsatisfied, and the officer further returned that no property of said company could be found in his county. Upon proceedings supplemental to execution before the commissioner the commissioner found that the defendant herein, Samuel M. Jarvis, as president of the defendant company in that action, had in his hands, or under his control, ample funds with which to pay said judgment, and that he refused to make such payment. March 5, 1891, the court ordered and adjudged that the said Jarvis forthwith pay the judgment and costs, and, in the event of his neglect or refusal so to do, that he be committed to the jail of Weber county for contempt of court. March 6, 1891, the defendant herein, Jarvis, filed a notice of appeal, and an undertaking on appeal. March 7th the plaintiff served a notice on the defendant, Jarvis, excepting to the sufficiency of the undertaking on appeal, for the reason that the sureties in the undertaking had not justified as required by law. March 10, 1891, three days after this notice was given, the sureties appeared before the commissioner, and were sworn and examined touching their qualifications as such, and were found to be sufficient, and the undertaking was approved. The district court dismissed the appeal, because the sureties failed to justify before the commissioner within two days from the

day notice of exception to the sufficiency of the sureties on the undertaking was served. This appeal is from the order of the court dismissing the appeal. An appeal from a commissioner's court is governed by the same rules that apply in a justice's court. Section 3660, 2 Comp. Laws, 1888, provides that "an appeal from a justice's court shall not be effectual for any purpose unless an undertaking be filed within five days after filing the notice of appeal, with two or more sureties," etc. "The undertaking shall be accompanied by the affidavits of the sureties that they are residents of the county, and are each worth the amount specified in the undertaking," etc. "The adverse party may, however, except to the sufficiency of the sureties within two days after the filing of the undertaking; and unless they, or other sureties, justify before the justice from whose court the appeal was taken, within two days thereafter, upon notice to the adverse party, the appeal shall be regarded as if no undertaking had been given." These provisions of the statute in relation to appeals are mandatory, and, no sufficient undertaking having been given within the time required, the appeal was properly dismissed, and the order of the district court dismissing the appeal is affirmed.

ZANE, C. J., and BLACKBURN, J., concurred.