# HOFFMAN v. LEWIS, Judge.

No. 1779. Decided October 31, 1906 (87 Pac. 167).

1. CERTIORARI—GROUNDS—REVIEW OF JUDICIAL ACTION.—Under Revised Statutes 1898, sections 3630, 3636, authorizing the granting of the writ of certiorari where an inferior tribunal exercising judicial functions had exceeded its jurisdiction, but declaring that the writ cannot be extended further than to determine whether the inferior tribunal has regularly pursued its authority, certiorari lies to review the action of the district court where it exceeds its jurisdiction, but does not lie where the court merely errs.

2. SAME.—The district court, in dismissing an appeal from a justice's court on the ground that an undertaking, as required by law, had not been filed in the justice's court, does not exceed its jurisdiction, and its action is not reviewable on certiorari.

3. SAME—JUSTICES OF THE PEACE—REVIEW — TRANSFER OF CASE— SUFFICIENCY — RIGHT TO ATTACK.—A party desiring to attack an appeal to the district court from a justice's court, on the ground that the papers are not filed and the advance fee paid, cannot bring certiorari until the expiration of the time specified in the statute; but a party objecting to the appeal on the ground that an undertaking required by law had not been filed in the justice's court need not wait for the expiration of such time.

4. MANDAMUS — PROCEEDINGS OF COURTS — DISMISSAL BY DISTRICT COURT OF APPEAL FROM JUSTICE'S COURT — REVIEW.—Where the district court, without legal cause, dismisses an appeal from a justice's court, the remedy is by writ of mandate, under Revised Statutes 1898, sections 3640, 3641, denominating the writ of mandamus a writ of mandate, and authorizing the granting of the writ to any inferior tribunal to compel the performance of an act which the law specially enjoins, to require the court to vacate the order of dismissal, reinstate the appeal, and proceed to hear the cause on its merits.

5. CERTIORARI—REVIEW OF JUDICIAL ACTION.—A court which misconceives the law, and acts contrary thereto in a matter where it has jurisdiction of the subject-matter, does not exceed its jurisdiction, and its action is not reviewable on certiorari.

6. MANDAMUS — PURPOSE OF WRIT — STATUTORY PROVISIONS.—The writ of mandate, as defined by Revised Statutes 1898, sections 3640, 3641, denominating the writ of mandamus a writ of mandate, and authorizing its issuance to any inferior tribunal to compel the performance of an act specially enjoined by law, is designed to compel action where the new law enjoins it, and the tribunal refuses to act in accordance therewith.

7. SAME.—Since the action of the district court in dismissing an appeal from a justice's court is final, and cannot, in consequence of the express provisions of Constitution, art. 8, sec. 9, be reviewed on appeal to the Supreme Court nor on certiorari, the remedy is by mandamus, where the court erroneously dismisses the appeal, for its act is a refusal to proceed further, so that if contrary to law the court may be required to proceed in accordance therewith.

8. CERTIORARI — REVIEW OF JUDICIAL ACTION.—Where a court refuses to proceed when it has jurisdiction and authority to do so, the remedy is not by certiorari, but by writ of mandate.[1]

9. MANDAMUS — GROUNDS — NATURE OF ACT TO BE COMMANDED.—In proceedings for a writ of mandate, the legal right to require the tribunal to proceed and the legal duty to do so must be free from doubt, otherwise the writ must be denied.

10. JUSTICES OF THE PEACE — APPEAL—STATUTORY RIGHT.—An appeal from a justice's court to the district court is statutory, and the statutes granting it must be substantially complied with.

11. SAME—APPEAL—EXECUTION OF UNDERTAKING—STATUTES.—Under Revised Statutes 1898, sections 3747, 3748, providing that an appeal from a justice's court shall not be effective unless an undertaking be filed within five days after the filing of the notice of appeal, and providing that the party filing the undertaking must serve notice thereof on the adverse party, who may within two days thereafter object to the sufficiency of the sureties named in the undertaking, and unless the sureties justify before the justice, on notice to the adverse party, the appeal shall be regarded as if no undertaking had been given, no appeal from a justice's court can be taken without the execution of an undertaking, and a failure to have the sureties justify within two days after excepting to their sufficiency nullifies the undertaking given, and leaves the case as though no undertaking had been made.

12. FORCIBLE ENTRY AND DETAINER—JUDGMENT—REVIEW—STATUTES. Revised Statutes 1898, section 3586, which provides that an appeal may be taken from a judgment in forcible entry and detainer within ten days, which appeal shall not stay execution unless appellant files his undertaking, and on taking the appeal and filing the undertaking the proceedings shall be stayed, and section 3587, which

---

[1] O. S. L. R. Co. v. District Court, 85 Pac. 360.

makes the provisions of the Code relative to civil actions, appeals, etc., apply to proceedings in forcible entry and detainer, make sections 3747 and 3748, relating to appeals from justice's court, applicable to an appeal from a judgment in forcible entry and detainer, and the undertaking provided thereby must be given to perfect the appeal.

13. STATUTES—CONSTRUCTION.—Courts must give effect to all the provisions of a statute relative to one subject-matter, though found in different sections.

14. JUSTICES OF THE PEACE—APPEAL—DISMISSAL—GROUND — UNDERTAKING—STATUTES.—Under the statute providing that no appeal shall be effective unless an undertaking is filed, and making the failure of the sureties to justify tantamount to a failure to give an undertaking, an appeal may be dismissed, not only where there is an insufficient undertaking, but also where there is no undertaking.

15. JUSTICES OF THE PEACE—REVIEW—FORCIBLE ENTRY AND DETAINER. There is no distinction between an appeal from a judgment rendered by a justice's court in forcible entry and detainer and an appeal from a justice's court in other cases. [2]

CERTIORARI by Frank Hoffman against T. D. Lewis, judge of the Third Judicial District, to review the action of the judge in respect to the dismissal of an appeal from a justice's court.

DENIED.

*M. M. Kaighn* and *A. G. Sutherland* for petitioner.

*E. A. Walton* for respondent.

RESPONDENT'S POINTS.

The authorities under such statutes all hold as we have contended, and that a failure to justify when required, renders the appeal ineffectual. (*Pratt v. Jarvis*, 8 Utah 5; *Rausch v. Hogan*, 17 Cal. 122; *Lower v. Knox*, 10 Cal. 480; *McCracken v. Superior Court*, 86 Cal. 74; *Wood v. Superior Court*, 67 Cal. 115; *Bennett v. Superior Court*, 113 Cal. 440; *Clark v. Bowers*, 2 Wis. 123; *Donovan v. Woodcock* [S. D.], 99 N. W. 82; *Barber v. Johnson*, [S. D.], 57 N. W. 225; *Cham-*

[2] Pratt v. Jarvis, 8 Utah 5, 28 Pac. 869.

*berlain v. Dempey,* 13 Abb. Prac. 421; *Kelsey v. Campbell,* 14 Abb. Prac. 368.)

It may be claimed that the district court could allow an undertaking to be filed. Such claim would not be tenable for reason that were the defect such that the appellate court does not acquire jurisdiction it cannot make an order conferring jurisdiction upon itself. (*Cook v. Railway,* 7 Utah 416; *Home & Loan Association v. Wilkins,* 71 Cal. 626.)

FRICK, J.

The petitioner herein applied to this court for a writ of certiorari for the purpose of reviewing the action of one of the judges of the district court in respect to the dismissal of an appeal to that court from a judgment entered in the justice's court of Salt Lake City, the writ being directed to Hon. T. D. Lewis, one of the judges of the Third Judicial District of the state of Utah, and before whom the proceedings were had. For convenience the applicant for the writ will be designated petitioner, and the judge will be styled respondent.

The facts upon which the petition is based may be briefly yet comprehensively stated as follows: On the 9th day of June, 1906, one James Earl commenced an action of forcible detainer against the petitioner herein in the justice's court of Salt Lake City, which action, in due time, and on the 20th of said month, eventuated in a judgment for $125 and for restitution of certain premises in favor of said Earl and against the petitioner. On the 3d day of July following, the petitioner filed a notice of appeal in said court, and on the 9th day of said month he filed an undertaking on appeal. On the 11th said Earl duly filed exceptions to the sufficiency of the sureties on said undertaking, and demanded that said sureties justify, as provided by the statutes of this state. Due notice of said exceptions was duly served on the attorney for the petitioner. Up to this time the petitioner had not served any notice on said Earl or his attorney of the filing of an undertaking on appeal, but served such a notice on the 12th day of July, and after said exceptions were filed. The sureties on said undertaking failed to justify within two days after

the exceptions aforesaid were filed and served, nor did they, nor any others, justify at any time. On the 14th day of July, 1906, the justice transferred a transcript of the proceedings had before him in said action duly certified to the district court of Salt Lake county, which was filed in the clerk's office on that day. On the 16th of said month, and after the transcript was filed, said Earl served a notice and motion on the attorney for petitioner, notifying him that on the 21st day of said month said Earl would make a motion to dismiss said appeal before respondent herein as one of the judges of said district court upon substantially the following grounds, viz.: That said district court has no jurisdiction to try said cause on the merits, or to do other than to dismiss the appeal, and that the sureties on the undertaking on appeal had not justified as required by law, although exceptions to their sufficiency had been duly made. The attorney for the petitioner attacked the foregoing motion to dismiss by a counter motion "to dismiss the motion and notice," made by said Earl upon the ground that the court had no jurisdiction to entertain such motion to dismiss said appeal, and that there was no action pending in said district court between the parties, to wit, said Earl and said petitioner, and further that the notice accompanying said motion to dismiss was insufficient. To this motion was attached the affidavit of the petitioner setting forth, in substance, the proceedings had in the justice's court, as hereinbefore stated. On the 21st day of July, 1906, and on the day set in said motion to dismiss, the respondent, sitting as judge in one of the departments of said district court, after a hearing upon the motion aforesaid, sustained the motion to dismiss said appeal, and accordingly entered an order dismissing the same.

We remark here that it will be observed that the case originated in the justice's court, and therefore in view of section 9 of article 8 of the Constitution of this state no appeal from the action of the district court to this court was permissible in this case. The petitioner therefore availed himself of what he conceived to be his only remedy, namely, a writ of

certiorari to review the action of the district court in dismissing said appeal.

The writ of certiorari may be granted by this court, as provided in section 3630, Revised Statutes 1898,

"When an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer and there is no appeal, nor in the judgment of the court or judge, any plain, speedy and adequate remedy."

By section 3636, Revised Statutes 1898, it is provided:

"The review upon this writ [certiorari] cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer."

In view of the facts as stated above, and the parts of the several sections quoted, the petitioner filed his petition for a writ, reciting therein substantially the foregoing facts, and thereby invokes the aid of this court, which, by the then Chief Justice, issued a writ of certiorari, commanding the respondent to file a certified transcript of the record and proceedings had before him as judge of the district court of said Salt Lake county, that the same may be reviewed by this court. The respondent complied with the commands of said writ in all respects.

The particular point upon which it is claimed that this court should consider this case upon certiorari is that the respondent, as judge of said district court, exceeded his jurisdiction because the appeal had not yet reached said court; in other words, it is contended that the act of said judge in dismissing said appeal was premature. This claim is based upon the ground that it is made a ground by statute for dismissing an appeal from a justice's court to the district court in case the papers are not filed in the district court and the advance fee paid within thirty days after the transcript is received by the clerk. As we have shown above, the transcript in this case was filed with the clerk of the district court on the 14th day of July, and the appeal was dismissed on the 21st. The appeal was, however, dismissed upon the ground that an undertaking, as required by law, had not been

filed in the justice's court, and that, in view of the law, none such could in any event be filed. If, however, the district court exceeded its jurisdiction or power in dismissing the appeal, then this court, upon proceedings on certiorari, could review and correct the action of said court. If the court merely erred, however gross such error may appear to us, this court cannot, in such a proceeding, review the error. We think it is manifest from what has been said above that the district court did not exceed its jurisdiction or power in acting upon the motion of Earl in dismissing the appeal.

It may be conceded that the court did not have jurisdiction of the case, so as to try it upon its merits and enter a judgment therein, for the reason that, in legal effect, no appeal had been perfected. But the district court had jurisdiction over the subject-matter of appeals from justices' courts, and hence had power to dispose of the same at any stage after the transcript of the justice's court was filed in the district court. If this be not so, then an imperfect appeal would suspend all actions both in justices' courts and in district courts. Neither is it essential that the party objecting to the appeal should wait the full thirty days after the transcript is filed before attacking the same. If he desires to attack it upon the ground alone that the papers are not filed and the advance fee paid within thirty days, then he must, of course, wait the time specified in the statute, because the cause or ground for a dismissal cannot exist until the time has elapsed. This, however, is a case where an appeal has not been taken as the law requires; hence there is, in legal effect, no appeal, although one has been attempted in fact. In such a case a party may act whenever the transcript is filed in the district court, when such action is based upon a ground which strikes at the appeal for want of some act which would make the appeal effective if taken, and where the time to take such act has passed, and cannot, under the law, be made effective thereafter. The court in this case, however, did not act prematurely, and however erroneous and prejudicial it is or may be as regards the petitioner, the court, having jurisdiction over the subject-matter of appeals,

then had the power or authority to act, and hence we cannot, in a proceeding on certiorari, under our statutes, review the action of the court. This would end this case, and, when this view was suggested at the hearing, the parties to this action requested this court to disregard mere form, and determine the questions involved in this proceeding as if the same were instituted for a writ of mandate requiring the district court to vacate its order of dismissal and reinstate the appeal, and proceed to a hearing of the cause, if it were found that the appeal had been wrongfully dismissed. In deference to the foregoing request, and in view that all the facts are before us the same as if the pleadings had been framed for a writ of mandate, we have concluded to treat this case as above suggested; and we have further concluded that, although the district court may dismiss an appeal in its general power over appeals from justices' courts, and that it may do this for a sufficient or insufficient reason, still the party is not without remedy if that court wrongfully or without some legal cause dismisses an appeal. In such a case we think the remedy is by the writ of mandate, under sections 3640 and 3641, Revised Statutes 1898, to require the district court to vacate the order of dismissal, reinstate the appeal, and proceed to hear the cause on its merits.

As we have already attempted to show, the mere fact that the court misconceives the law and acts contrary thereto in a matter where it has jurisdiction of the subject-matter does not carry such act beyond the jurisdiction of the court. If this were so, every judicial act contrary to law in some form would carry the tribunal making it beyond its jurisdiction.

We have likewise pointed out that in such cases this court cannot review such acts in a proceeding upon a writ of certiorari. If this were done, the provision in the Constitution making the action of the district courts final on appeals from justices' courts would, in effect, be abrogated. We would thus do by indirection what the law forbids us from doing directly. What we would thus not be permitted to review on appeal we would, in effect, review on a writ of certiorari.

But we conceive the writ of mandate, as the same is defined

by the sections of the statute above referred to, to be designed
for the purpose of compelling action where the law enjoins
it and the person or tribunal refuses to act in accordance
therewith. The dismissal of an appeal, while it may be with-
in the jurisdiction and power of a court, may yet be unlaw-
fully done. If the court has jurisdiction to dismiss an appeal
from a justice's court for imperfections, it may likewise dis-
miss one that is perfect in both form and substance, and it
may do so arbitrarily and contrary to law. Does it exceed its
jurisdiction by doing this? Clearly not. But since its ac-
tion in dismissing an appeal is final and cannot be reviewed
on appeal to this court, and likewise not on a writ of certior-
ari, is there, therefore, no remedy? We think in such a case
a dismissal of an appeal is, in substance and effect, a refusal
to proceed further in the matter, and, if clearly contrary to
law, the court so refusing may be required to proceed in ac-
cordance with law. The distinction that we seek to enforce
here must be kept in mind between jurisdiction of the sub-
ject-matter and jurisdiction to try the particular case on its
merits. If the court should proceed to the trial of an appeal
case where no appeal had been taken as required by law, the
court would exceed its jurisdiction or power in doing so, and
its act in doing so, being in excess of jurisdiction, would be
reviewable on a writ of certiorari, upon the ground that the
court presumes to act where the law withholds the right to do
so. But if the court refuses to proceed when it has jurisdic-
tion and lawful authority to do so, the remedy is not by cer-
tiorari, but by a writ of mandate. The views here entertain-
ed, as we view it, are, in effect, expressed by this court in the
case of *O. S. L. R. Co. v. District Court*, 85 Pac. 360, and we
reaffirm the views stated in that case so far as applicable here.
But even in a case of mandate the legal right to require the
person or court to proceed and the legal duty to do so must be
free from doubt; otherwise even this remedy must be de-
nied.

In view of the foregoing, we will now proceed to examine
into the petitioner's rights under the law giving appeals from
justices' courts. Such appeals are purely statutory, and the

statutes granting them must in all respects be at least substantially complied with. The appeal in this case was dismissed upon the ground that the sureties did not justify respecting their qualifications, as required by law. Section 3747, Revised Statutes 1898, so far as material here, provides:

"An appeal from a justice's court shall not be effective for any purpose unless an undertaking be filed within five days after filing the notice of appeal."

Section 3748 provides that the party filing the undertaking must serve notice of the filing thereof on the adverse party, and such adverse party may then within two days thereafter object to the sufficiency of the sureties named in the undertaking.

"And unless they, or other sureties, justify before the justice from whose court the appeal is taken within two days thereafter, upon notice to the adverse party the appeal shall be regarded as if no undertaking had been given."

From the foregoing provisions it is as clear as language is capable of expressing it that without an undertaking there is no appeal, and a failure to have the sureties justify within two days after excepting to their sufficiency nullifies the undertaking given, and leaves the whole matter as though no undertaking had ever been made or filed. In this case, however, petitioner seeks to avoid the consequences of the foregoing provisions upon the ground that the appeal in this case is from a judgment entered in pursuance of chapter 64, Revised Statutes 1898, entitled "Forcible Entry and Detainer." It is contended that appeals under said chapter 64 are governed by the provisions of section 3586, Revised Statutes 1898. It is there provided, in substance, that an appeal may be taken from a judgment under that chapter within ten days, but that such an appeal shall not stay execution unless the appellant shall within ten days file with the justice his undertaking, with two or more sureties, in an amount fixed by the justice, but not less than twice the amount of the judgment appealed from, including costs, and that such undertaking shall be conditioned that in case the judgment is affirmed or

the appeal dismissed the appellant will pay the judgment and costs and the value of the use of the property pending the appeal. Section 3587, however, provides:

"The provisions of this Code relative to civil actions, appeals, and new trials, . . . apply to the proceedings mentioned in this chapter."

It will be observed that section 3586 is silent upon the point respecting the justification of sureties, or the effect in case of a failure to do so, but section 3587 makes all other provisions relative to appeals, when not inconsistent with section 3586, applicable, and thus makes the provisions found in sections 3747 and 3748 operative, and unless complied with the appeal is not effective for any purpose. Indeed, as provided in section 3748, if the sureties fail to justify within the two days after exceptions filed and notice given, the appeal shall be regarded as if no appeal had been taken.

The petitioner lays great stress on the concluding portion of section 3586, where it is said: "Upon taking the appeal and filing the undertaking, all further proceedings in the case shall be stayed." This must, however, be read and construed in connection with the other provisions relative to the perfecting of an appeal. The appeal and undertaking referred to in the foregoing quotation refers to a perfect appeal, and to an undertaking perfected as required by the provisions relative to appeals, and not only to those found in section 3586. If this is not done, then we must ignore all that is said in section 3587. It is the duty of courts to give effect to all the provisions of statutes relative to one subject-matter, although found in different sections. This is so as a rule of construction, but in this case the legislative power has enforced the rule by an express statute. The district court has no more right to disregard one part of the law governing appeals from justices' courts than it has another. It is bound to obey all the provisions, and so are we.

The petitioner, however, contends that the statute providing for the dismissal of appeals from justices' courts does not make the failure to give an undertaking a ground for dismissal; that in this case the respondent claims that the failure

of the sureties to justify is, in effect, the same as if no undertaking had been given. This may be conceded, and it may also be admitted that the statute does not specifically make the failure to give the undertaking a ground for dismissal. The statute, however, does provide that no appeal shall be effective for any purpose unless an undertaking is filed. This seems to require an undertaking in form at least. The next section makes the failure to justify tantamount to an entire failure to give an undertaking. Can it be contended, upon any reasonable ground, that an appeal may be dismissed where there is an insufficient undertaking and cannot be where there is none at all? In the latter case the court proceeds, if necessary, independent of statute, and upon the broad ground that the court may always and at any stage of a proceeding refuse to go further when it appears that it has not jurisdiction of the proceeding, although it has jurisdiction of the subject-matter generally. To dismiss a case is not the exercise of jurisdiction of the matters involved on the merits, but it often is, and always may be, a refusal to do so. It is precisely upon this ground that we have proceeded to determine the matters involved in this application. The court in this case had full power to dismiss the appeal, because the petitioner invoked its judicial powers in a matter in which it had no power to proceed on the merits, for the reason that the law did not confer the right to do so unless and until the petitioner had conferred that power by a compliance with the law. If the petitioner had so complied, and the court had then dismissed his appeal, and refused to proceed to hear and determine the case on its merits, this court, in a proper proceeding, would compel it to do so in accordance with law.

The petitioner concedes that, if this case were an ordinary case of appeal from a money judgment, then the contention of respondent might be right. We can see no distinction between appeals in this class of cases and any other. There are numerous authorities that hold that under statutes like ours where sureties fail to justify when required to do so renders the appeal ineffectual. Our statute says so in express terms. (*Pratt v. Jarvis*, 8 Utah 5, 28 Pac. 869; *Bennett v. Superior*

*Court,* 113 Cal. 440, 45 Pac. 808; *McCracken v. Superior Court,* 86 Cal. 74, 24 Pac. 845; *Wood v. Superior Court,* 67 Cal. 115, 7 Pac. 200; *Roush v. Van Hagen,* 17 Cal. 122; *Donovan v. Woodcock* [S. D.], 99 N. W. 82; *Barber v. Johnson* [S. D.], 57 N. W. 225.) In the case in 67 Cal. 115, above cited, is, in part at least, explained what we mean when we say the court acquired no jurisdiction of the case to try it on its merits, but had jurisdiction over the subject-matter of appeals generally, and therefore over the matters involved in the appeal as such. Further, the case in 113 Cal. 440 is an authority upon the proposition that if the court had entertained the appeal in this case, then the writ of certiorari would have been the proper remedy to review its acts, because such acts would have been in excess of jurisdiction in proceeding to hear the case on its merits.

From the foregoing views of the law applicable to this case, it is manifest that the petitioner is not in a situation to require the court to reinstate his appeal and to proceed with the case, and hence a writ of mandate must be, and the same is, denied, with costs against petitioner

McCARTY, C. J., and STRAUP, J., concur.