[Civ. No. 619. First Appellate District.—March 29, 1909.]

CROWLEY LAUNCH AND TUGBOAT COMPANY, a Corporation, Petitioner, v. SUPERIOR COURT, IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, DEPARTMENT NO. 5, and JOHN HUNT, Judge Thereof, Respondents.

PROHIBITION—INEFFECTUAL APPEAL FROM JUSTICE'S COURT—FAILURE OF SURETIES TO JUSTIFY IN TIME—LOSS OF JURISDICTION.—When an appeal has been taken from a justice's court to the superior court, and the sureties on the appeal bond have been excepted to, and have failed to qualify within the time limited by the terms of section 978 of the Code of Civil Procedure, "the appeal must be regarded as if no undertaking had been given," which renders the appeal wholly ineffectual; and the superior court has lost jurisdiction to entertain the same; and when it assumes to do so, prohibition will lie to prevent it from so doing.

ID.—UNDERTAKING A NULLITY.—When the sureties failed to qualify, when excepted to, the undertaking in contemplation of law did not

exist but was a nullity, and the effect upon the appeal is the same as if it never had existed; and a valid undertaking is absolutely jurisdictional to the existence of an appeal.

ID.—WAIVER OF OBJECTION TO SURETIES—TIME LIMITED FOR WAIVER.— The party excepting to the sufficiency of the sureties may waive his objection thereto, provided such waiver is made within the five days; otherwise the superior court will lose jurisdiction of the appeal, which cannot be restored by a subsequent waiver of objection to the sureties.

ID.—WAIVER ON HEARING AFTER FIVE DAYS.—Where the hearing for justification of the sureties was after the lapse of the five days, a statement at such hearing of absence of objection to the sureties cannot constitute a waiver of objection to them, so as to give jurisdiction of the appeal which had been lost.

PETITION for writ of prohibition to the Superior Court of the City of San Francisco, Department No. 5.   John Hunt, Judge.

The facts are stated in the opinion of the court.

S. C. Wright, for Petitioner.

W. H. H. Hart, for Respondents.

KERRIGAN, J.—This is an original proceeding for a writ of prohibition.   The petitioner recovered judgment against the Richmond Dredging Company (a corporation), March 20, 1908, in the justices' court of the city and county of San Francisco.   March 31st the dredging company served and filed a notice of appeal therefrom, and on the same day filed in the said justices' court an undertaking on appeal.   Later that day petitioner excepted to the sufficiency of the sureties on the undertaking.   On the next day, April 1, 1908, the dredging company served notice on petitioner that the sureties would justify April 7th, on which day they, having appeared, were examined touching their qualifications.   There is a conflict in the affidavits as to whether or not the attorney for the petitioner stated that he was satisfied of their sufficiency, but no objection was made to them, and the bond was approved.   The cause was thereupon transmitted to the superior court, where, on May 29th the petitioner moved to dismiss the appeal, upon the ground that the sureties on the

undertaking had failed to justify within five days after the filing and serving of exceptions to their sufficiency, as required by section 978 of the Code of Civil Procedure. The motion was denied, and the case was set down for trial, the denial of the motion being upon the ground that the conduct of the attorney for the petitioner at the hearing when the sureties appeared for justification amounted to a waiver of their failure to justify within the time prescribed in said section 978.

We are of the opinion that the requirement of this section, that the sureties are to justify within the time specified, is jurisdictional, and that as the sureties did not comply with the section in this respect the appeal attempted to be taken is ineffectual, and that therefore the writ prayed for must issue.

An appeal may be taken from a justice's court to the superior court at any time within thirty days after the rendition of judgment. (Code Civ. Proc., sec. 974.) To effectuate the appeal three things are necessary, viz., the filing of the notice of appeal; the service of a copy of the notice upon the adverse party, and the filing of a written undertaking; and all of these things must be done within thirty days after the rendition of judgment. (*McCracken* v. *Superior Court,* 86 Cal. 75, [24 Pac. 845].) All of these are jurisdictional prerequisites, and until all of them are completed the appeal is not effectual for any purpose. (*Coker* v. *Superior Court,* 58 Cal. 178.) Section 978, Code of Civil Procedure, provides: ". . . The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the Justice or Judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given."

If no undertaking in this case had been filed within thirty days the superior court would have acquired no jurisdiction of the appeal. Here an undertaking on appeal was filed in time, but the sureties failed to justify within the prescribed time, and, according to the express provision of section 978, Code of Civil Procedure, "the appeal must be regarded as if no such undertaking had been given." In contemplation of law the undertaking did not exist; it was a nullity; and the

superior court had no jurisdiction of the appeal at the time the motion was made to dismiss the same. (*McCracken* v. *Superior Court,* 86 Cal. 75, [24 Pac. 845] ; *McDonald* v. *Paris,* 9 S. D. 310, 312, [68 N. W. 737] ; *Pratt* v. *Jarvis,* 8 Utah, 5, [28 Pac. 869].)

In the case last cited, the sureties, three days after the exception to their sufficiency, appeared before a commissioner, and were sworn and examined as to their qualifications as sureties, they were found satisfactory, and the bond was approved. The district court dismissed the appeal because the sureties had not justified within two days from the day of notice of exception to their sufficiency. The supreme court of Utah, after stating that an appeal from a commissioner's court is governed by the same rules that apply in justices' courts, said: "Section 3660, 2 Comp. Laws, 1888, provides that 'an appeal from a justice's court shall not be effective for any purpose unless an undertaking be filed within five days after filing the notice of appeal, with two or more sureties,' etc. . . . 'The adverse party may, however, except to the sufficiency of the sureties within two days after the filing of the undertaking; and unless they, or other sureties, justify before the justice from whose court the appeal was taken, within two days thereafter, upon notice to the adverse party, the appeal shall be regarded as though no undertaking had been given.' These provisions of the statute in relation to appeals are mandatory, and, no sufficient undertaking having been given within the time required, the appeal was properly dismissed."

In *Woods* v. *Superior Court,* 67 Cal. 115, [7 Pac. 200], it was held that if the sureties fail to justify within the time prescribed the "appeal is ineffectual for any purpose."

In *Roush* v. *Van Hagen,* 17 Cal. 122, an undertaking was filed April 18th, and the sufficiency of the sureties was excepted to April 20th, whereupon a notice was given that the sureties would justify before the county judge of Sacramento county on April 25th. Orders were made, however, extending the time, and they did not justify until May 1st. The court said: "It was necessary that the sureties should justify within five days after the notice of exception, and the failure to do so rendered the appeal a nullity. The statute provides that on failure to justify within the time limited

the appeal shall be regarded as if no undertaking had been given. The orders given extending the time were in contravention of its provisions, and were therefore inoperative.''

So in *McCracken* v. *Superior Court,* 86 Cal. 74, the court, at page 77, [24 Pac. 846], in speaking of the time within which sureties must justify, said: ''The statute is peremptory in its terms, and the consequence of a violation is that the party loses the benefit of his appeal.''

Respondent argues that the petitioner, by appearing at the hearing of the justification of the sureties, and substantially saying after their examination that it was satisfied with their pecuniary ability, waived its right both to have them justify within five days, and to have the appeal dismissed. We have no doubt that after excepting to the sufficiency of sureties their justification may be waived, but we apprehend that such waiver must be made within five days, or else the superior court will lose jurisdiction of the appeal. This position finds support in *In re Skerritt,* 80 Cal. 63, [22 Pac. 85], where it was held that, in order to entitle certain parties to appeal without filing an undertaking under section 946, Code of Civil Procedure, the order dispensing with the undertaking must be made within the time fixed by law for filing the same. So in *Perkins* v. *Cooper,* 87 Cal. 244, [25 Pac. 411], it was said that unless an undertaking was waived within the time for its filing the appeal is lost.

Let the writ issue as prayed.

Hall, J., and Cooper, P. J., concurred.