[Civ. No. 1466. Second Appellate District.—January 9, 1914.]

## J. L. STARR, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

JUSTICE'S COURT—APPEAL TO SUPERIOR COURT—TIME FOR FILING UNDERTAKING—EXPIRATION ON SATURDAY.—Where the last day for filing an undertaking on an appeal from a justice's court falls on Saturday, which from 12 o'clock noon is a holiday, filing the undertaking on the Monday following is too late, and the superior court cannot entertain jurisdiction of the appeal.

ID.—HOLIDAYS—EFFECT OF STATUTE DECLARING SATURDAY A HALF HOLIDAY.—The effect of the statute declaring Saturday from 12 o'clock noon to be a half holiday is to shorten in number the hours of that day during which an act required to be performed shall be done. Up to noon Saturday is a business day, the same as any day other than those designated in section 10 of the Code of Civil Procedure as holidays, and the fact that the business day ends at noon does not extend the time for performance of an act where the time therefor expires on such shorter day.

PETITION for Writ of Prohibition to be directed to the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

Thorpe & Widney, for Petitioner.

W. J. Hittson, and Cleveland Schultz, for Respondents.

SHAW, J.—Petitioner filed an original petition in this court wherein he asked for a peremptory writ of prohibition to be directed to the Superior Court of Los Angeles County, commanding it to desist from proceeding further with the trial of a certain case therein pending, wherein the Knox Auto & Wagon Manufacturing Company is plaintiff, and petitioner is defendant, other than to grant petitioner's motion for a dismissal of the appeal therein. An alternative writ was issued, in response to which a general demurrer has been interposed to the petition.

It appears from the petition that judgment was rendered in said action in petitioner's favor by a justice of the peace. Plaintiff, the Knox Auto & Wagon Manufacturing Company,

appealed to the superior court, filing an undertaking, to the sufficiency of the sureties upon which defendant, on the third day of November, 1913, duly excepted. Thereupon the attorney for plaintiff in said action gave notice that the sureties on said undertaking, to the sufficiency of whom defendant had excepted, would, at 9:30 o'clock A. M., November 8, 1913, qualify before the justice who had tried the case. Notwithstanding the giving of said notice, the sureties upon said undertaking did not appear at the time and place specified, nor did any other sureties appear or qualify at such time or at all, on the eighth day of November, 1913. Thereafter, on Monday, November 10th, plaintiff in said action, for the purpose of perfecting its appeal, caused to be filed a new undertaking for the costs thereof, which undertaking the justice, in the absence of and without any notice to petitioner, approved and filed.

Thereafter, in the superior court, petitioner, as defendant in said action, moved the court to dismiss the appeal upon the ground that the undertaking was filed after the five days within which appellant was permitted under the statute to file the same, and that the filing of the undertaking on November 10, 1913, was ineffectual and insufficient to give the court jurisdiction to entertain the appeal. This motion was by the court denied for the reason, as stated by the court, that since the last day upon which the sureties could qualify, or plaintiff file a new undertaking, fell upon Saturday, which from 12 o'clock noon was a holiday, followed by Sunday, plaintiff was entitled to all of Monday, November 10th, on which to file its undertaking in perfecting the appeal. If the ruling is correct, it must follow that where the last day for the performance of an act, such as the filing of a demurrer, answer, or service of a paper, falls upon Saturday, such act need not be done on Saturday, but may be as effectually performed on the following Monday, the effect of which ruling is to declare all of Saturday a holiday. Clearly, this was not the intent of the legislature. The effect of the statute declaring Saturday from 12 o'clock noon to be a half holiday is to shorten in number the hours of such day during which the act required to be performed shall be done. Up to noon it is a business day, the same as any day other than those designated in section 10 of the Code of Civil Procedure, as holi-

days, and the fact that the business day ends at noon does not extend the time for performance of an act where the time therefore expires on such shorter day. The statute is peremptory in its terms and provides that upon a failure of the sureties to justify within the time fixed therefor, the appeal shall be regarded as though no undertaking had been given. (*McCracken* v. *Superior Court,* 86 Cal. 74, [24 Pac. 845]; *Wood* v. *Superior Court,* 67 Cal. 115, [7 Pac. 200].) It follows that the court had no jurisdiction to entertain the appeal, and it should have been dismissed.

It is, therefore, ordered that a peremptory writ of prohibition issue to the superior court of Los Angeles County, commanding it to desist and refrain from further proceedings in that certain action wherein the Knox Auto & Wagon Manufacturing Company is plaintiff, and petitioner is defendant, other than to grant defendant's motion for a dismissal of the appeal.

Conrey, P. J., and James, J., concurred.