[Civ. No. 1697.   Fourth Appellate District.—June 11, 1937.]

E. R. LEWIS, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

N. C. Peters for Petitioner.

William Ray Schirmer and James S. Jarrott for Respondents.

MARKS, J.—This is an original proceeding wherein petitioner seeks a writ of prohibition prohibiting the respondent court from proceeding with the trial of the case of *Lewis* v. *Nodoz Laboratories, Inc., et al.,* for the reason that the respondent court acquired no jurisdiction of that case.

On April 1, 1936, the Justice's Court of San Bernardino Township entered judgment in the case of *Lewis* v. *Nodoz Laboratories, Inc., et al.,* in favor of plaintiff and against the defendants L. George Counter and Walter O. Treanor. On the same day the clerk of the justice's court mailed notices of the entry of judgment to the attorneys for the respective parties addressed to their respective offices. The attorneys for defendants had their offices in the city of Los Angeles which is less than one hundred miles from the city of San Bernardino where the notices were mailed. Notice of appeal of defendant Treanor was filed in the office of the clerk of the justice's court on May 4, 1936. The clerk of the Superior Court filed the record on appeal on May 15, 1936. On July 27, on September 21, 1936, and on April 26, 1937, Lewis made successive motions to dismiss the appeal on the ground that the Superior Court had no jurisdiction of the action because the notice of appeal was filed too late. All of these motions were denied. We may assume that during the hearings of the motions made on July 27, and September 21, 1936, no proper proof was made before the Superior Court of service of notice of the entry of judgment in the justice's court. On April 26, 1937, this proof was furnished by an affidavit of mailing made by the clerk of the justice's court and by the docket of the justice of the peace.

The foregoing facts are not seriously controverted in the answer of respondents. It is admitted that the attorneys in Los Angeles actually received the notice of entry of judgment on April 3, 1936. While the answer denies, for lack of information or belief, the allegations of the petition that the notice was mailed by the clerk in San Bernardino on April 1, 1936, the affidavit of mailing by the clerk is not controverted and must be considered admitted. The answer alleges that the notice of appeal with a sufficient undertaking on appeal and the necessary costs were actually mailed in Los Angeles on April 30, 1936, but owing to some fault (probably insufficient postage) were not delivered and filed until May 4, 1936. May 3d fell on Sunday.

Section 974 of the Code of Civil Procedure provides that appeals are taken to the superior court "at any time within thirty days after notice of the rendition of the judgment . . . by filing a notice of appeal with the justice or judge . . . "

Section 1013 of the Code of Civil Procedure provides as follows:

"In case of service by mail, the notice or other paper must be deposited in the United States postoffice, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed in the cause and served on the party making service by mail; otherwise at his place of residence. The service is complete at the time of the deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended one day, together with one day additional for every full one hundred miles' distance between the place of deposit and the place of address, if served by different postoffices, but such extension shall not exceed thirty days in all.''

■ As we take it as a proven fact that the notice of judgment was actually mailed in San Bernardino on April 1, 1936, and as Los Angeles is less than one hundred miles from that city, the last day on which an effective notice of appeal could have been filed was May 2, 1936. That day, Saturday, was a court holiday after 12 o'clock noon. In *Starr* v. *Superior Court*, 23 Cal. App. 670 [139 Pac. 241], it is said:

"The effect of the statute declaring Saturday from 12 o'clock noon to be a half holiday is to shorten in number the hours of such day during which the act required to be performed shall be done. Up to noon it is a business day, the same as any day other than those designated in section 10 of the Code of Civil Procedure, as holidays, and the fact that the business day ends at noon does not extend the time for performance of an act where the time therefore expires on such shorter day.''

In *Crowley etc. Co.* v. *Superior Court*, 10 Cal. App. 342 [101 Pac. 935], it is said:

"An appeal may be taken from a justice's court to the superior court at any time within thirty days after the rendition of judgment. (Code Civ. Proc., sec. 974.) To effectuate the appeal three things are necessary, viz., the filing of the notice of appeal; the service of a copy of the notice upon the adverse party, and the filing of a written undertaking; and all of these things must be done within thirty days after

the rendition of judgment. (*McCracken* v. *Superior Court*, 86 Cal. 74, 75 [24 Pac. 845].) All of these are jurisdictional prerequisites, and until all of them are completed the appeal is not effectual for any purpose. (*Coker* v. *Superior Court*, 58 Cal. 177, 178.)''

■ Respondents urge that as the evidence submitted by Lewis in support of his motion to dismiss made on July 27, and on September 21, 1936, failed to show service of notice of entry of judgment, the orders denying the motions were properly made and became *res judicata;* that Lewis could not renew his motions without leave of court and without alleging facts not appearing at the time those motions were made. Were this not a question of jurisdiction of the Superior Court to entertain the appeal there would be merit in this argument. Omission by counsel cannot confer jurisdiction on any court where that court in fact has no jurisdiction of a cause. Where a court actually has no jurisdiction of an action, that question may be raised at any time. It is apparent that the respondent court has no jurisdiction to try the case of *Lewis* v. *Nodoz Laboratories, Inc., et al.*, and that the last motion to dismiss the appeal should have been granted.

Let the writ of prohibition issue as prayed for.

Barnard, P. J., and Jennings, J., concurred.