### No. 2,413.

THE PEOPLE, *ex rel.*, MINER WALDON, RELATOR, *v.* A. ELKINS, JUDGE OF THE COUNTY COURT, STANISLAUS COUNTY, RESPONDENT

JUSTICE'S COURT—APPEAL FROM.—In an appeal from a Justice's Court a failure to produce in the County Court a duly certified copy of the docket of the Justice of the Peace, is a failure to prosecute the appeal within the meaning of section 367 of the Code.

IDEM.—When the County Court has acquired jurisdiction, both of the parties and of the subject matter of the action, its orders thereafter, though they may be erroneous, are not void, unless they contravene some provision of the statute regulating appeals to the County Courts.

COUNTY COURT.—DISMISSAL OF APPEAL.—NOTICE.—An appeal to the County Court may be dismissed, for the causes mentioned in the statutes, "after notice." The Court may err as to the kind, or length, of the notice, but if the appellant have notice in fact the order of dismissal is not void.

IDEM.—The writ of certiorari will not lie to an inferior Court, to annul an order which is merely erroneous but not void, in a matter of which such Court has acquired jurisdiction.

CERTIORARI to the County Court of Stanislaus County.

This case having been tried in the Justice's Court and judgment rendered against him, the defendant appealed to the County Court of Stanislaus County. The case being called at the January term of said Court, both parties appeared by counsel, and the case was set for trial, on the first day of the March term of said Court, on which day the appellant by his counsel moved for a continuance, pending which motion without any previous notice, respondent's counsel moved to dismiss the appeal on the grounds:

*First*—That there was no proof that a copy of the notice of appeal had never been served upon respondent or his counsel, and:

*Second*—That no copy of the Justice's docket had been sent up.

Thereupon the Court made an order peremptorily dismissing the appeal, to which ruling the counsel for appellant excepted. The case now comes before this Court on *certiorari*, and the relator insists that the County Court in hearing and passing upon the motion to dismiss in the absence of proof that notice of said motion had been given

to the appellant, exceeded its authority, and that the order peremptorily dismissing the appeal was extra-judicial and void.

*J. H. Budd,* and *Schell & Hewell,* for Relator.

*First*—No notice had been given appellant.

*Second*—The statute authorizing the Court to dismiss an appeal, does not authorize the dismissal upon the grounds stated in the motion.

*Third*—The record shows that appellant has complied with every provision of the statute, and has an absolute right to have his appeal heard and decided upon the merits.

As to the first objection, the statute provides that the provisions of the Civil Practice Act as to trials in the District Court shall be applicable to trials on appeal in the County Court, (and) for a failure to prosecute an appeal, or unnecessary delay in bringing it to a hearing, the County Court, after notice, may order the appeal to be dismissed. (Civil Pr. Act, Sec. 367.)

Under this Section the Court derives its authority to dismiss an appeal, and it is dependent upon notice having been previously given by the moving party. The motion to dismiss is in the nature of an independent proceeding, and before the Court can entertain jurisdiction, the parties must be properly brought before it by notice; it is analagous to the appeal itself, unless notice of appeal is filed and served upon the opposite party, the Court cannot entertain jurisdiction of the appeal. (*Whipley* v. *Mills,* 9 Cal. 641.)

The notice of the motion should have been in writing; it was a legal proceeding, and it is well settled that a notice in a legal proceeding means a notice in writing. (*Gilbert* v. *Columbia Turnpike Company,* 3 John. 109; *McEwen* v. *Montgomery County Mutual Insurance Company,* 5 Hill. 104; *Lane* v. *Caney,* 19 Barb. 539; *Pearson* v. *Lovejoy,* 53 Barb. 411.)

The same rule has been established by this Court. (*Borland* v. *Thornton,* 12 Cal. 448.)

The statute further provides: when a written notice of motion is necessary it shall be given, if the Court be held in the same District with both parties five days before the time appointed for the hearing, otherwise ten days, but the Court or Judge or County Judge may prescribe a shorter time. (Practice Act, Sec. 517.)

From this it follows that unless the respondent has given the appellant written notice of his motion, or a notice in open Court, whereof a minute was made by the Clerk five days before the hearing, unless for good cause shown the Court, or Judge had prescribed a different time, the Court obtains no jurisdiction to hear and determine the motion.

The second objection to the jurisdiction of the Court is too obvious to require argument. The authority of the Court to order an appeal to be dismissed, depends upon the statute, which prescribes the cases wherein such authority may be exercised, to wit: a failure to prosecute an appeal, or unnecessary delay in bringing it to a hearing, neither of which is assigned by the respondent as a ground for his motion.

*Fourth*—The County Court exceeded its jurisdiction, and arbitrarily and extra-judicially invaded and violated the absolute right of the appellant to have his appeal heard, and determined upon the merits, by making the order dismissing the appeal for the cause assigned.

A party dissatisfied with the judgment rendered by a Justice of the Peace may appeal therefrom at any time within thirty days, by filing with the Justice a notice of appeal, etc., and serving a copy of such notice upon the opposite party, etc. (Pr. Act, Sec. 624.) In order to render the appeal effectual for any purpose, the appellant must file a proper undertaking. (Pr. Act, Sec. 628.) These are the only conditions prescribed by the statute, and upon which the right of a party to appeal, and to have his appeal heard and determined depend; all of which the record shows the relator to have done, and having done these acts, it became the duty of the Justice of the Peace, to send up all the papers necessary to hear and determine the cause; and

upon a failure of the Justice to send up the proper record, it became the duty of the County Court to compel him to do so by *mandamus*. (Pr. Act, Sec. 627.)

And if the County Court for such cause dismiss an appeal, its action is extra-judicial, and will be reversed by the Supreme Court. (*Sherman* v. *Rolbert*, 9 Cal. 17.)

*S. P. Scraniker*, and *Schell & Scrivener*, for Respondent.

There was no excess of the jurisdiction by the County Court in entertaining the motion to dismiss, nor in dismissing the appeal from the Justice's Court. The County Court had jurisdiction both to entertain the motion to dismiss, and to make the order dismissing the appeal. If the Court erred in dismissing the appeal, it was in the exercise of jurisdiction, and not in assuming it when it did not exist. *Certiorari* is not the proper remedy when there has been no excess of jurisdiction. (*Coulter* v. *Stark*, 7 Cal. 244; *People* v. *Burney*, 29 Cal. 459; *Morley* v. *Elkins*, 37 Cal. 454.)

The statute prescribes what papers must be sent up on appeal. If such papers be not sent, certainly the Appellate Court has acquired no jurisdiction to hear and determine the appeal on its merits, and no notice of motion to dismiss is necessary.

Again: The record shows that on application of relator's counsel, made at the January Term of the County Court, the case was continued for the term, and set for trial on the first day of the March term of said Court. Sec. 367 of the Pr. Act provides "that the provisions of the Civil Pr. Act, as to trials in District Courts, shall be applicable to trials in County Courts." It will not be claimed that on the trial of a case in the District Court, a notice of motion to dismiss for want of jurisdiction, or for any other cause, is necessary; hence under this provision, no notice was required to precede a motion to dismiss the appeal in the County Court.

From relator's own argument, it follows that no notice of motion in this case was necessary. It is well settled by

the case of *McLeran* v. *Shortzer*, (5 Cal. 70), that when the object of a notice of appeal is accomplished, it is immaterial whether notice be given or not; or that when both parties appeal, no notice whatever is necessary to be shown. In this case both parties were present for the purpose of trying the case when the motion was made.

It follows also that the Court had jurisdiction to entertain the motion, and if it grants the order of dismissal on insufficient grounds, it was a mere error in the exercise of its power—an error of law which will not be reviewed on *certiorari*. A decision or judgment which is right will be affirmed without reference to the grounds upon which it was rendered in the Court below. (3 Cal. 454; 10 Cal. 172; 22 Cal. 255.)

And finally respondent claims that relator had notice. It was given by motion made in open Court on the day and the hour when the case was set for trial, a minute of which was made by the clerk. (12 Cal. 448.)

This notice in open Court is not such as is contemplated by Section 517 of the Practice Act, which provides that when written notice is required, it shall be given five days before the hearing, etc. Section 367 of the Act does not require written notice of motion to dismiss. But a notice in open Court, of which a minute is made by the clerk, is all that is necessary. Nor does the five days rule apply as claimed by relator. Said Section 517, speaking only of written notice, which certainly cannot be construed to include notice in open Court. Had such been the intention of the law the word written would not have been used, or could have no office to perform other than mislead.

RHODES, C. J., delivered the opinion of the Court, CROCKETT, J., and WALLACE, J., concurring:

The writ of *certiorari* was issued, to bring up for review the proceedings of the County Court of Stanislaus County, in dismissing an appeal from a Justice's Court. The appeal was dismissed on the motion of the respondent, on the ground that a certified copy of the Justice's docket had not

been filed in the County Court. The appellant objected to the hearing of the motion, because no notice had been served on him. The motion was filed the same day that the order was made, and no written notice of the motion was given. The petitioner's position is, that the Court exceeded its jurisdiction in dismissing the appeal, because the motion was not served, and because the ground mentioned, is not a ground for the dismissal of an appeal.

A failure to produce in the County Court, a duly certified copy of the docket of the Justice of the Peace, is a failure to prosecute the appeal, within the meaning of Section 367, of the Code. And if that were not a proper cause for the dismissal of the appeal in this case, the order in that respect would be erroneous, but not void. (*Morley* v. *Elkins*, 37 Cal. 454.)

On the point that the Court had no jurisdiction of the motion, unless it had been served, no authorities are cited by either party. The Court had acquired jurisdiction, both of the parties and of the subject matter of the action; and thereafter its orders, though they might be erroneous, would not be void, unless the statute has, in respect to the matter in question, prescribed a special mode of procedure and such mode has not been pursued. There is nothing of that character in relation to the dismissal of the appeal, in the sections of the statute regulating appeals to the County Courts. An appeal may be dismissed for the causes mentioned in the statute, "after notice." The Court may err as to the kind or length of the notice, but if the appellant have notice in fact, it cannot be said that the order is void. The notice is not the means by which jurisdiction was obtained, for that had already been acquired. The writ will not lie to an inferior Court, to annul an order which is merely erroneous but not void, in a matter of which such Court has acquired jurisdiction.

Writ dismissed.