[No. 11217. Department One. — September 23, 1885.]

WILLIAM F. DALZELL, PETITIONER, v. THE SUPE-
RIOR COURT OF SAN BENITO COUNTY, RE-
SPONDENT.

PRACTICE — APPEAL FROM JUSTICE'S COURT — NOTICE — PROOF OF SERVICE. — Where
the record of a case on appeal from a Justice's Court is silent as to service of the
notice of appeal, the fact of service may be proved by an affidavit filed pending
a motion to dismiss the appeal on that ground.

ID. — ATTORNEY ABSENT FROM HIS OFFICE. — An affidavit of service which states
that a notice was served on the attorney for the respondent by leaving it on the
desk of the attorney in the front room of his law office between the hours
of 8 in the morning and 6 in the afternoon, and that there was no person
*in said front room* at the time, is insufficient to show constructive service of the
notice upon the attorney during his absence from his office.

ID. — JURISDICTION. — Service of notice of an appeal is a jurisdictional fact, and if
such service has not been made within the statutory time and according to the
requirements of the statute, the appellate court derives no jurisdiction of the case.

APPLICATION for a writ of review. The facts are stated in
the opinion of the court.

*Montgomery & Scott*, and *N. C. Briggs*, for Petitioner.

*B. B. McCroskey*, for Respondent.

McKEE, J. — Application for a writ of review.

It appears from the allegations of the petition that the
Superior Court of San Benito County, upon the hearing of a
motion to dismiss an appeal taken from a judgment rendered by
a Justice's Court, finding that there was no service of the notice
of appeal to give the court actual jurisdiction of the case, ordered
a dismissal of the appeal; and it is contended that this order was
in excess of the jurisdiction of the court and void, because serv-
ice of the notice of appeal as prescribed by law was substan-
tially proved upon the hearing of the motion to dismiss.

The papers in the case, transmitted by the justice to the
Superior Court, did not show any service whatever. But pend-
ing the motion made to dismiss the appeal on that ground,
appellant's attorney filed an affidavit upon which it was claimed
that service of the notice of appeal had been made upon the
attorney of the adverse party, during his absence from his office.

Where the record of a case on appeal from a Justice's Court is
silent as to service of the notice of appeal, the fact of service
may be proved by affidavit; but the affidavit must show that

all the requirements of the law to effect service were complied with. (*Mendioca* v. *Orr*, 16 Cal. 368; *Doll* v. *Smith*, 32 Cal. 476.) Service is effected by personal delivery of a copy of the notice to the adverse party, or his attorney; or it may be made during the absence of the attorney from his office, if the office be open, by leaving the notice . . . . with his clerk, or other person in charge of the office, or if there is no person in the office, by leaving it between the hours of 8 in the morning and 6 in the afternoon in a conspicuous place in the office, etc. (Subd. 1, § 1011, Code Civ. Proc.)

The affidavit of service states that the notice of appeal was served on the attorney for respondent "by leaving it on the desk of the said attorney in the front room of his law office . . . . between the hours of 8 in the morning and 6 in the afternoon of the 6th of June, 1885," . . . . and "that there was no person *in said front room* of said office at the time said notice of appeal was left there," etc.

This was insufficient to show constructive service of the notice upon an attorney absent from his office. Taking as incontrovertible the fact that the attorney upon whom service was attempted to be made was not *in the front room* of his office at the time, his absence from his office is not deducible from the fact. It is not claimed that "the attorney of respondent" got the notice. In fact the affidavit states the attorney complained that "he would not have known that an appeal had been taken if he had not seen it in the newspapers."

The proof of service was therefore legally insufficient, and the court did not exceed its jurisdiction in so determining and in ordering a dismissal of the appeal. Service of notice of an appeal is a jurisdictional fact; and if service has not been made within statutory time, and according to the requirements of the statute, to effect service, the appellate court derives from the notice no actual jurisdiction of the case, and the appeal is dismissible *ex mero motu*, or on motion of respondent, for want of jurisdiction. (*Coker* v. *Superior Court*, 58 Cal. 177; *Trobock* v. *Caro*, 60 Cal. 304.)

Application for writ denied.

Ross, J., and McKinstry, J., concurred.