[Civ. No. 775. Third Appellate District.—February 11, 1911.]

## CHARLES E. NAYLOR, Jr., Appellant, v. FRANK P. ADAMS, Respondent.

ORDER RETAXING COSTS—INSUFFICIENCY OF NOTICE OF MOTION—APPEARANCE AND ARGUMENT—WAIVER OF OBJECTION UPON APPEAL.—Upon appeal from an order retaxing plaintiff's costs for witnesses' fees, he cannot claim insufficiency of the notice of motion as a ground of reversal, without reference to the merits of the order, where he in fact received notice of the motion and appeared and made an argument against the granting of the motion on the merits. The only object of the notice was accomplished, and it is immaterial whether the notice prescribed by the statute was given or not.

ID.—FEES OF WITNESSES—MILEAGE DISALLOWED—CONSTRUCTION OF CODES.—Under section 4300g of the Political Code, it is only witnesses "legally required to attend upon the superior court in civil cases" who are entitled to receive "for mileage actually traveled, one way only, the sum of ten cents per mile," and construing that section with section 1989 of the Code of Civil Procedure limiting the distance of compulsory attendance of witnesses, and with section 2021 of the same code, providing for the depositions of witnesses who cannot be compelled to attend, it is manifest that witnesses who resided in Oakland, and voluntarily attended a trial at Red Bluff, about two hundred miles distant, were properly disallowed mileage.

ID.—RIGHT OF WITNESS TO MILEAGE AND FEES STATUTORY.—The right of a witness to mileage and other fees in civil cases is solely of

15 Cal. App.—23

statutory creation, and courts have no power to impose costs upon the vanquished party which are not strictly authorized by the statute.

ID.—RIGHT OF ATTENDING WITNESSES TO PER DIEM.—Though no witness can be compelled to attend upon any court out of the county in which he resides, unless the distance be less than thirty miles from his place of residence to the place of trial, yet where witnesses voluntarily attend a trial at a greater distance, and have thus placed themselves, "under and subject to the order of the court," they are entitled to whatever *per diem* allowance the facts warrant the court in allowing.

APPEAL from an order of the Superior Court of Tehama County granting a motion to retax costs. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

Naylor & Riggins, for Appellant.

M. J. Cheatham, for Respondent.

HART, J.—On the motion of defendant to retax the costs in the above-entitled action, the court disallowed and ordered stricken from plaintiff's cost bill the witness fees and mileage claimed for the witnesses, Stanley and Runnels, aggregating in amount the sum of $39.50.

It is first objected by plaintiff that the trial court should not have considered the motion, for the alleged reason that he was not given the notice thereof prescribed by the statute, the claim being that he was entitled to eighteen days' notice, whereas he received but fourteen days' notice. Since it transpires that plaintiff did in fact receive notice of said motion, and thereupon made an appearance by addressing to the judge of the trial court a letter which, in fact, constituted nothing less than a brief or argument against the granting of the motion, both for the technical reason we are now considering and upon the merits, we are unable to perceive what material difference it could have made to plaintiff in the court below or could now make whether the notice which it is insisted that the statute prescribes was given or not. The only object of the notice was accomplished, and it would be press-

ing technicality to the extreme verge of absurdity, in our opinion, to sustain the objection to the consideration of this appeal on the merits.

As to the merits, the facts are these: The witnesses, Stanley and Runnels, at the time of the trial, were residents of the city of Oakland. Without having been subpoenaed, but wholly upon the request of the plaintiff, they went from Oakland to Red Bluff to testify at the trial on behalf of plaintiff.

The distance from Oakland to Red Bluff (a fact of which we are authorized to take judicial notice) is approximately two hundred miles.

By the terms of section 4300g of the Political Code, witnesses, when legally required to attend upon the superior court in civil cases, are entitled, for each day's attendance at the trial thereof, to a *per diem* of two dollars, and for mileage actually traveled, one way only, the sum of ten cents per mile.

Computed on the foregoing basis, Stanley and Runnels would each be entitled, for mileage, to the sum of $20, and, it being alleged in the memorandum of costs that they were in attendance at the trial for two days, each would be entitled, on that account to the sum of four dollars, making the total for the two the sum of $48. But the sum actually paid to these witnesses by plaintiff was, according to his memorandum of costs, $39.50.

The contention of the respondent is, and such was undoubtedly the theory upon which the court below disallowed the costs in controversy, that Stanley and Runnels, "having come from without the limits within which they could be legally required to attend" the trial as witnesses, were not entitled to have their fees taxed as costs to the defeated party.

No case has been cited, either from our own courts or from those of other jurisdictions, in which this precise question has been considered and adjudicated, and, therefore, the proposition thus propounded is, so far as we can say to the contrary, *res integra,* at least in California.

Section 1989 of the Code of Civil Procedure reads as follows: "A witness is not obliged to attend as a witness before any court, judge, justice, or any other officer, out of the county in which he resides, unless the distance be less than thirty miles from his place of residence to the place of trial."

The language of the foregoing section is certainly not obnoxious to the criticism of ambiguity or want of clearness as to its meaning, and it is, therefore, very evident therefrom that a subpoena issued in a civil case is absolutely without force out of the county and beyond a distance of thirty miles from the place of trial of the action in which such subpoena has been issued. It, therefore, of necessity follows that a witness residing out of the county and beyond thirty miles from the place of trial is not "legally required," and cannot be compelled to attend as a witness at such trial, and, consequently, it is clear that such witness does not come within the description of those witnesses who are entitled to the mileage prescribed by section 4300g of the Political Code. Therefore, a witness who cannot be legally required to attend, but who does in fact attend the trial in person, does so voluntarily, and is not entitled to the mileage provided for by said section. This view of the meaning of section 4300g of the Political Code is, we think, strengthened by a consideration of section 2021 of the Code of Civil Procedure, by which provision is made for securing, otherwise than by their personal attendance, the testimony of witnesses upon whom, under the terms of section 1989 of said code, the service of a subpoena would be a futile act as a means of compelling their attendance at the trial. By the terms of said section the deposition of a witness residing out of the county where the action is to be tried may be taken, and, undoubtedly, one of the very purposes of this provision is to thus secure at the trial the testimony of a witness who cannot be compelled, by the power of the court or any legal process, to attend in person.

The right of a witness to mileage and other fees in civil cases is purely and solely of statutory creation, and a court is without the power to saddle on the vanquished party in such cases costs which are not thus strictly authorized. If, as is suggested by respondent, the contention of appellant must be sustained, there would be no barrier against the exercise by a court of the power to allow voluntary witnesses residing a thousand or many more miles from the place of trial the mileage prescribed by the statute. The principle upon which such power, if authorized, could be exercised would be the same whatever the distance beyond the thirty miles out of the county from the place of trial, and thus it may easily be

imagined how, by calling such power into action, a litigant might impose upon his vanquished adversary a very unjust and even unbearable burden.

But we think the witnesses, Stanley and Runnels, having placed themselves "under and subject to the order of the court," are entitled to whatever *per diem* the facts warrant the court in allowing, and to the extent that plaintiff was disallowed by the trial court proper *per diem* for said witnesses the order appealed from is erroneous. This is in harmony with the conclusion reached by this court in *Linforth* v. *San Francisco Gas & Elec. Co.*, 9 Cal. App. 434, [99 Pac. 716], cited by counsel for appellant. But that case is not, as appellant seems to suppose, an authority for the proposition that a witness residing out of the county at a distance of more than thirty miles from the place of trial is entitled to mileage upon his voluntary attendance in person on the court at the trial. The question of mileage was not involved in that case, the only question discussed and decided being whether a witness, not regularly served with a subpoena, who, nevertheless, attended the trial and testified merely by the request of the party desiring his testimony, was entitled to the *per diem* prescribed for witnesses by the statute. Among other things, the court, per Chipman, P. J., said: "When called and sworn upon attendance by request he has placed himself under and subject to the order of the court as much as if subpoenaed. The only object of the subpoena and its only office, when complied with, is to secure his testimony by personal attendance; it issues, of course, by the clerk, and under seal of the court, at the instance of the party, and its 'service may be made by any person.' (Code Civ. Proc., sec. 1886.) The whole purpose of the subpoena is subserved when a witness attends at the trial by request of the party, quite as effectually as if he had been subpoenaed. No disadvantage or injury can accrue to the losing party if the witness attends by request; on the contrary, he may save the added expense of mileage and *per diem* as cost of serving the subpoena."

We are in no doubt that, while Stanley and Runnels ought to be allowed whatever *per diem* they are entitled to, there is no authority for allowing them mileage. Therefore, the court below is directed to modify, in accordance with the views

herein expressed, the order striking from plaintiff's cost bill the items representing the *per diem* to which Stanley and Runnels are justly entitled; and, as so modified, the order is affirmed.

Chipman, P. J., and Burnett, J., concurred.