. [Civ. No. 881.   Second Appellate District.—May 6, 1911.]

## SAMUEL BOHN, Respondent, v. JOHN L. BOHN, Appellant.

CHANGE OF VENUE—RESIDENCE OF DEFENDANT—ERROR IN DENYING MOTION—WANT OF NOTICE—APPEARANCE—WAIVER OF OBJECTION.— An order denying a motion of the defendant to change the place of trial of an action to the county of his residence, upon proper demand and affidavits, was improperly denied on the ground of want of notice of the motion to the plaintiff, where the plaintiff appeared upon the hearing of the application, and neither asked a continuance of the hearing or the right to file counter-affidavits thereon. He thereby waived any objection to the absence of notice of the motion, whether such notice was necessary or not.

ID.—UNCONTESTED AFFIDAVITS—DUTY OF COURT—JURISDICTION.—Where the affidavits of the defendant's residence and of merits were un-

contested, defendant possessed the right upon his written demand filed with his demurrer to have the cause transferred for trial to the county of his residence, and the superior court of the original venue had no jurisdiction or authority, in the absence of a counter-showing, to deny the transfer or to proceed further with the case.

ID.—IMPROPER PLACE OF TRIAL—NOTICE OF APPLICATION FOR CHANGE NOT REQUIRED.—Where the county in which the action is commenced is not the proper county for the trial thereof, and such fact is made to appear by an affidavit of merits, accompanied by a demand in writing filed with the demurrer or answer, it is the duty of the court to make the order for change as demanded, regardless of whether or not a notice in writing of the time when the application will be presented has been served upon the plaintiff.

ID.—CONSTRUCTION OF CODE—MOTION FOR CHANGE OF VENUE NOT WITHIN PROVISION REQUIRING NOTICE.—Although, under the provision of section 1010 of the Code of Civil Procedure, the action of the court upon the demand is an order, and the application made upon the demand is designated as a motion, yet it is not a motion as to the making of which notice in writing is required to be given to plaintiff within the meaning of section 1005 of the Code of Civil Procedure.

ID.—PRACTICE—MOTION PLACED UPON CALENDAR.—Like a demurrer filed, the motion to change the place of trial goes upon the calendar to be called for hearing in the regular order of business.

APPEAL from an order of the Superior Court of Orange County refusing to change the place of trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Winslow P. Hyatt, for Appellant.

Williams & Rutan, for Respondent.

ALLEN, P. J.—Plaintiff on the 19th of April, 1910, filed his complaint against defendant, alleging ownership of and right of possession to each of twenty-eight head of cattle in defendant's pasture in Los Angeles county, California; further alleging wrongful detention thereof by defendant, with demand and a prayer for judgment for the possession, or the value if the same could not be had. Process was regularly served upon defendant, and within due time, to wit, on the twenty-second day of April, 1910, defendant filed a demurrer

to the complaint, and at the same time filed an affidavit setting forth that defendant was at the time of the commencement of the action and at the date of the filing of the affidavit, and for many years previous thereto had been, a resident of Los Angeles county; filed in addition thereto an affidavit of merits, with a demand in writing that the action be transferred from the superior court of Orange county to the superior court of Los Angeles county. A copy of these affidavits and demand were upon the same day served upon counsel for plaintiff. The clerk of the superior court of Orange county placed said motion upon the regular law and motion calendar for hearing Friday, April 29, 1910, at which date defendant presented the motion for change of place of trial. Plaintiff's counsel, being present, objected on the ground of insufficiency of the notice, and at the same time filed a counter-affidavit showing that counsel for defendant was a resident of Los Angeles county and counsel for plaintiff of Orange county at the time of the serving of the copy of the motion. The court proceeded to hear the motion for change of place of trial and denied the same, and on the same date overruled the demurrer of defendant to the complaint. Thereafter, on the third day of June, 1910, the court entered a judgment against defendant by default. From this judgment and from an order refusing to change the place of trial defendant appeals.

The motion for change of place of trial was denied because ten days' notice had not been given plaintiff's counsel of the time and place of hearing the motion. This upon the authority of section 1005 of the Code of Civil Procedure, which provides: "When a written notice of a motion is necessary, it must be given, if the court is held in the county in which at least one of the attorneys of each party has his office, five days before the time appointed for the hearing; otherwise, ten days." Assuming, without deciding, that a written notice is necessary upon an application for change of place of trial, or any notice other than that shown to have been given in this case, nevertheless, it appears that at the time specified in the motion plaintiff's counsel appeared and resisted the application. We think this was a waiver of written notice, were such required. This effect has been given an appearance and contest to a motion for the vacation of a judgment in *Acock* v. *Halsey,* 90 Cal. 220, [27 Pac. 193], in which case

it is said the object of giving the notice was fully accomplished without giving it, citing authorities in support of such proposition. It may be conceded that if in the opinion of the court the time between the service of the copy of the motion and affidavits and the date of the application for hearing was insufficient in order to afford plaintiff opportunity to file counter-affidavits, the court could have continued the hearing for a reasonable time within which plaintiff might have been given an opportunity to present counter-affidavits, if he so desired. Plaintiff asked for no such time, made no claim that he desired to contest the statements made in the affidavits filed by defendant, but relied solely upon the technical proposition that the full time provided by section 1005 had not elapsed. We think, under the circumstances of this case, and upon the authorities cited, that if any irregularity existed in the notice, it was waived by the appearance and conduct of plaintiff's counsel at the hearing. The affidavits being uncontested, defendant possessed the right to have the cause transferred for trial, and the superior court of Orange county had no jurisdiction or authority, in the absence of a counter-showing, to deny the transfer or to proceed further with the case.

The court erred in denying the order for change of place of trial, and in overruling the demurrer and rendering a judgment.

The judgment and order are reversed and cause remanded.

SHAW, J., Concurring.—I concur in the judgment. Where the county wherein the action is commenced is not the proper county for the trial thereof, and such fact is made to appear by an affidavit of merits, accompanied by a demand in writing that the place of trial be changed to the proper county, filed with the demurrer or answer, it is the duty of the court to make the order for change as demanded, regardless of whether or not a notice in writing of the time when the application will be presented has been served upon plaintiff. The right to such change of the place of trial is not limited to cases in which notice in writing of the time when the matter will be presented for hearing is served upon opposing counsel. Under the provision of section 1010, Code of Civil Procedure, the action of the court upon the demand is an order,

and the application made upon the demand is designated a motion, but it is not a motion as to the making of which notice in writing is required to be given to plaintiff, within the meaning of section 1005, Code of Civil Procedure. Like a demurrer filed, it goes upon the calendar to be called for hearing in the regular order of business.

James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 5, 1911.