[L. A. No. 2743. In Bank.—January 18, 1913.]

## SAMUEL BOHN, Respondent, v. JOHN L. BOHN, Appellant.

PLACE OF TRIAL—CLAIM AND DELIVERY—WAIVER OF RIGHT TO CHANGE.—Although a defendant has, under section 395 of the Code of Civil Procedure, the absolute right to have an action in claim and delivery of personal property tried in the county where he resided at the time it was brought, still he may waive such right, and he does waive it unless he follows the procedure for asserting it.

ID.—PROCEDURE FOR CHANGE—MOTION AND ORDER FOR CHANGE ESSENTIAL.—The procedure for the assertion of such right is not regulated solely by section 396 of that code, but by section 397 also, which requires a motion to be made by the defendant for a change of the place of trial to the county of his residence, in addition to the demand and affidavit of merits, as one of the necessary steps in the procedure to obtain the order of transfer. The change can be effected only through such order.

ID.—NOTICE OF MOTION ESSENTIAL—TIME OF HEARING MOTION MUST BE STATED.—The motion for an order of transfer must be made upon notice to the plaintiff. Such notice must be in writing and conform to the requirements of section 1010 of the Code of Civil Procedure, and must contain, *inter alia,* a statement of the time when the motion would be made or brought on for a hearing. The absence of such a statement renders the notice fatally defective, and necessitates a denial of the motion. The rule for liberal construction, embodied in section 396 of that code, does not excuse a failure to observe such requirement.

ID.—APPEARANCE IN OPPOSITION TO MOTION—WAIVER OF NOTICE—LIMITED APPEARANCE.—The appearance of the plaintiff in opposition to the motion for transfer, for the limited purpose of objecting to its consideration upon the ground of the insufficiency of notice, did not constitute a waiver of a proper notice.

ID.—POSTPONEMENT OF HEARING—GIVING NEW NOTICE—FAILURE OF DEFENDANT TO REQUEST.—Where the notice of motion for a change of the place of trial is so defective, it would have been proper for the trial court, at the request of the defendant, to defer a determination of the motion to enable the defendant to give a proper notice. In the absence of such a request, a denial of the motion, without giving the defendant an opportunity to give a proper notice, cannot be objected to by the defendant on an appeal from the order of denial.

ID.—ORDER REFUSING CHANGE—APPEAL.—An order denying a motion for a change of the place of trial is itself appealable, and its correctness cannot be reviewed on an appeal from the judgment.

ID.—RULE OF COURT FIXING REGULAR MOTION DAYS.—A rule of court establishing regular days for the hearing of motions, cannot be construed to dispense with the notice which the code declares shall be given to authorize the court to hear a motion.

DISTRICT COURT OF APPEAL—REFUSAL OF TRANSFER TO SUPREME COURT —EFFECT ON OPINION OF APPELLATE COURT.—An order of the supreme court, refusing to transfer a cause to that court after judgment in the district court of appeal, does not adopt the opinion of the appellate court so as to give it, in the supreme court, the authoritative effect which one of its own decisions would have.

ID.—DETERMINATION OF CAUSE BY SUPREME COURT—CONTRARY CONCLUSION REACHED BY APPELLATE COURT.—The supreme court will determine a cause pending before it in accordance with its legal conviction, notwithstanding in a case between the same parties presenting identical questions a contrary conclusion was reached by the district court of appeal, and a transfer of such case to the supreme court, after the judgment of the appellate court, was denied by the supreme court.

APPEAL from a judgment of the Superior Court of Orange County and from an order refusing to change the place of trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Winslow P. Hyatt, for Appellant.

Williams & Rutan, for Respondent.

SLOSS, J.—A hearing in Bank was ordered after judgment in Department. Upon the former submission, the following opinion, prepared by Lorigan, J., was filed:

"This action is in claim and delivery and was brought in the superior court of Orange County.

"Defendant being served, filed a demurrer to the complaint on April 22, 1910, and on the same day filed and served on the attorneys for plaintiff an affidavit of merits and a demand that the action be transferred for trial to the superior court of Los Angeles County, on the ground that at the time of the commencement of the action defendant was a resident

of the city and county of Los Angeles. At the same time he filed and served the following motion, entitled in the court and cause: "Now comes . . . the defendant . . . and moves this Hon. court to transfer the above entitled action . . . to the superior court of Los Angeles County, upon the ground (setting it forth as above). Said motion will be based on the pleadings and papers on file herein and the affidavit and demand of the defendant herewith served and filed."

"On the filing of these papers the clerk of the court placed said motion on the regular law and motion calendar of said court for Friday, April 29, 1910. On that date defendant presented his motion for transfer of the cause, and plaintiff objected to the granting thereof on the ground that the notice of motion was insufficient in that no time of hearing was designated in said notice of motion, and on the further ground that no sufficient service of notice of motion had been given. In support of the last ground, an affidavit of one of the attorneys for plaintiff was filed, showing that when service of the above papers were made on which the motion for a transfer was based, the attorneys for plaintiff and the attorney for defendant resided and had their offices in Orange and Los Angeles County respectively.

"The court heard said motion, the above papers and no others being used on the hearing thereof, and then and there entered an order denying said motion for a transfer of said cause, to which ruling and order the defendant excepted.

"Subsequently the demurrer to the complaint was sustained and plaintiff filed an amended complaint. The time stipulated within which defendant might answer having expired and no answer being filed, his default was entered and judgment given for plaintiff for the recovery of the property or its value and damages.

"Defendant appeals from the judgment, the appeal being based on the judgment-roll, accompanied by a bill of exceptions, under which (and this is the only question presented) the validity of the order denying the motion for transfer of the cause is attacked.

"Several sections of the Code of Civil Procedure are to be considered in determining this question.

"Section 395 thereof provides as to actions of the character brought here, that 'the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action.' Section 396 provides that 'if the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county.'

"The claim of appellant is that, under the first section referred to, an absolute right is given a defendant to have the action brought against him tried in the county where he resided when it was commenced, and that, under section 396, all that is necessary to be done by a defendant to secure that right is to serve and file the affidavit and demand that the trial be had in the proper county as provided in the section; that no motion as such, or notice of motion, is necessary or provided for; that the demand is all the notice that is required to bring it on for hearing, where the court has established regular law and motion days, as was the case in Orange County. We state these points as appellant makes them.

"Undoubtedly, as he claims, a defendant has the absolute right to have the action brought against him tried in the county where he resided at the time it was brought. But this pertains to the right, not to the remedy by which it may be secured. While an absolute right, if it is insisted on, it is one which a defendant may waive, and which he does waive unless he follows the procedure provided for asserting it. This procedure, however, is not regulated solely by section 396, but by section 397, also, which provides, among other things, that "the court may, on motion, change the place of trial in the following cases: 1. When the county designated in the complaint is not the proper county." Under the position which appellant takes, he necessarily denies, and consistently so, the application of this latter section, contending that his rights are to be measured by the terms of section 396 alone. But it is quite obvious, on a little reflection, that this cannot be so. Our attention has not been called by counsel on either side to any decision directly involving this point. Our own research discloses numbers of decisions on appeal

where the validity of orders granting or refusing a transfer were involved, but the point considered was generally the sufficiency of the demand or affidavit of merits, a motion and notice of hearing thereof being given, as is the practice.

"That this is the proper and required procedure, we think quite plain.

"The demand and affidavit which are required to be filed under section 396 are not addressed to the court, nor do they, of themselves, by virtue of such filing, call for or require any action by the court. They advise the plaintiff that the right of transfer shall be insisted on, and their service and filing are the initial steps required to be taken as between the parties to secure that transfer. The filing of the demand and affidavit do not operate *ipso facto* to change the place of trial. They have no such force. The change can only be effected through an order of the court after its judicial action has been invoked, by bringing the matter on for hearing, where the right of the defendant to the transfer can be contested by the plaintiff. The court must be applied to for an order of transfer. Such application is a motion (Code Civ. Proc., sec. 1003), and under section 397, a motion for the change must be made in addition to the demand and affidavit, as one of the necessary steps in the procedure to obtain the order of transfer.

"Having determined that a motion is necessary, we now come to the question of notice and its character. It is, of course, beyond question that where a motion is required to be made for an order in a cause whereby the right of an adverse litigant may be affected, it must be upon notice to such party.

"Now as to the character of the notice necessary to be given to authorize a court to entertain a motion. This is clearly shown by section 1010 of the Code of Civil Procedure, as follows: "Notices must be in writing, and the notice of a motion, other than for a new trial, must state when, and the grounds upon which it will be made, and the papers, if any, upon which it is to be based."

"In the present matter, if the formal motion which appellant served on the attorneys for plaintiff be treated as a notice of motion, it was radically defective as such in the very essential particular that it did not state any time when the

motion would be made or brought on for hearing, and for that reason the motion for a change of the place of trial was properly denied.

"In this view, we do not deem it necessary to consider the objection urged by respondent at the hearing below and insisted on here, of insufficiency of service of the notice to warrant a hearing on the day when appellant presented his notice Nor is it necessary to particularly discuss the claim made by appellant based on the existence of the rule of the superior court of Orange County respecting law and motion days. Rules of court have usually to do with the conduct and orderly dispatch of the business of the court and cannot control or be substituted for statutory provisions as to procedure. The rule relied on by appellant simply provides when the court will take up for consideration motions of the contemplated presentation of which proper notice has been given. It could not, and of course does not, pretend to dispense with the notice which the code declares shall be given to authorize it to hear a motion.

"Appellant suggests that as the provisions of section 396 are remedial, a liberal construction in favor of the remedy should prevail. It would, if there was any room for such a construction, but there is not. The rule of liberal construction may not be applied to excuse a failure to adopt the rules of necessary procedure under which alone the remedy may be invoked.

"The judgment and order appealed from are affirmed."

Our further examination of the case has led us to the conclusion that the Department opinion was correct. The principal reason for granting a hearing in Bank was that, in a case between the same parties, presenting precisely the same issues of fact and law, the district court of appeal for the second appellate district had reversed an order like the one here appealed from, and that a petition to have the appeal transferred to this court for hearing and determination had been denied. (*Bohn* v. *Bohn*, 16 Cal. App. 179, [116 Pac. 568].) It is, of course, much to be regretted that opposite rulings should be made in two cases which present identical questions. But an order by this court, refusing to transfer a cause after judgment in the district court of appeal, does not adopt the opinion of the appellate court so as to give it,

in this court, the authoritative effect which one of our own decisions would have. Being now convinced that the order appealed from should be affirmed, we must so declare, even though this view necessarily involves the conclusion that the earlier appeal should have been transferred to this court, and thereupon disposed of by a judgment differing from that rendered in the district court of appeal. Indeed, believing, as we do, that the order now under review was properly made, it would be our duty to affirm it, even if this court had itself, in another case, reversed an order similar in all respects.

One or two further observations concerning the disposition of the former appeal may properly be made. The justices of the district court of appeal did not agree upon the reasons for reversing the order appealed from. Two of them based their conclusion upon the ground that a written notice of intention to move is not required in the case of an application to change the place of trial to the proper county. This position is, we think, fully met in the foregoing Department opinion. The third justice held that the conduct of plaintiff's counsel in appearing to oppose the granting of the application was a waiver of notice. There are several decisions to the effect that want of proper notice of a motion is waived where the opposing party appears and contests the motion. (*McLeran* v. *Shartzer*, 5 Cal. 70, [63 Am. Dec. 84] ; *Reynolds* v. *Harris*, 14 Cal. 667, [76 Am. Dec. 459] ; *Acock* v. *Halsey*, 90 Cal. 215, [27 Pac. 193] ; *Herman* v. *Santee*, 103 Cal. ·519, [42 Am. St. Rep. 145, 37 Pac. 509].) "Where the object of notice was accomplished," said the court in *McLeran* v. *Shartzer*, 5 Cal. 70, [63 Am. Dec. 84], "it is immaterial whether there was notice or not." But in all the cases in which this rule was applied the party entitled to notice had appeared and contested the motion on the merits. His position was analogous to that of a defendant who, although not regularly served with summons, files an answer, or does any other act amounting to a general appearance. Under such circumstances, any defect in the service of process is waived. Here, however, the plaintiff made no opposition to the motion except to object to its consideration upon the ground of the insufficiency of notice. The affidavit presented by him had reference to this objection alone. His attitude is to be compared to that of a defendant appearing specially

to question the court's jurisdiction of his person. It is difficult to see how a defendant can be held to have waived a valid objection when he has done no more than to insist upon it in the only manner that is open to him. Where the appearance in opposition to a motion is for this limited purpose, it does not constitute a waiver. (28 Cyc. 8; *Curtis* v. *Walling,* 2 Idaho, 416, [18 Pac. 54] ; *Wood* v. *Critchfield,* 1 Dowl. 587.)

It is suggested that, if sufficient notice had not been given, the court below should not have denied the application for change of venue, but should have deferred action to enable the defendant to give a proper notice. This would, no doubt, have been a proper course, if the defendant had requested it. But, instead of so requesting, he persisted, in the face of the objection of want of notice, in presenting his motion. No doubt he then took the position which he now advances, viz., that no notice was required. Under these conditions, he cannot claim that the court erred in passing upon the motion which he had thus pressed upon it for determination. It may be, too, that a denial of the motion for want of notice would not be a bar to a subsequent motion upon proper notice. But the question of defendant's right, if seasonably asserted, to renew his motion, is not involved here.

The Department opinion states that the appeal is from the judgment. It omits to mention, except inferentially, that there is also an appeal from the order denying a change of place of trial. Since the latter order is itself appealable (Code Civ. Proc., sec. 939), its correctness cannot be reviewed on the appeal from the judgment. (Code Civ. Proc., sec. 956.) Under the views herein expressed, both the judgment and the order will have to be affirmed, the former because the points raised cannot be considered on appeal from the judgment; the latter because there is no merit in said points.

The judgment and the order appealed from are affirmed.

Angellotti, J., Shaw, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.