[Civ. No. 4576. Second Appellate District, Division One.—January 5, 1924.]

JOHN N. BROWN et al., Petitioners, v. SUPERIOR COURT OF IMPERIAL COUNTY et al., Respondents.

[1] JUSTICE'S COURT—SUFFICIENCY OF JUDGMENT—COSTS.—Assuming that a justice's court judgment, in which "the court finds for the defendants, and denies plaintiff his claim," and in which it is "ordered and adjudged that plaintiff take nothing from said defendants, and that said defendants recover their costs herein

expended," is defective in that the amount of costs recoverable by defendants from plaintiff is not included 'therein, there would remain a valid judgment as far as negativing plaintiff's right of recovery on his claim against defendants is concerned; and such alleged ` defect, being entirely in plaintiff's favor, is not one of which he should be heard to complain.

[2] ID.—RENDITION OF JUDGMENT—NOTICE.—A notice of rendition of a justice's court judgment which, after the title of the court and cause, recites that in a designated justice's court, of a specified county, in this state, before a named justice, on a given date, "judgment rendered and entered denying plaintiff his claim, and assessing cost against plaintiff," and which is signed by said justice, constitutes a substantial compliance with the provisions of sections 893 and 897 of the Code of Civil Procedure.

[3] ID.—APPEAL—MOTION TO DISMISS—NOTICE—WAIVER.—The appearance of appellant at the hearing of a motion to dismiss his appeal and his contest of such motion is a waiver of the sufficiency of the notice to dismiss.

[4] ID.—NOTICE OF APPEAL—SERVICE—EVIDENCE.—Where the record of a case on appeal is silent as to the service of the notice of appeal, the fact of service may be proved by an affidavit filed pending the motion to dismiss the appeal on that ground.

[5] ID.—PROOF OF SERVICE—FINDINGS.—On motion to dismiss the appeal on the ground that the service of the notice of appeal was made too late, the files, pleadings, and papers in the cause having contained no evidence of service of notice of rendition of judgment, and there being no evidence outside the record to the contrary of that produced showing such service, no conclusion other than that such service was actually made could have been reached by the judge by whom the motion to dismiss was heard.

[6] ID.—DELAY IN SERVING NOTICE—JURISDICTION.—Where notice of appeal to the superior court from a judgment of a justice's court is filed but is not served upon the adverse party within the thirty days prescribed by section 974 of the Code of Civil Procedure, the superior court does not acquire jurisdiction.

.APPLICATION for a Writ of Prohibition to prevent the Superior Court of Imperial County, and L. I. Case, Judge thereof, from proceeding further in the matter of a Justice's Court appeal. Writ granted.

The facts are stated in the opinion of the court.

E. R. Simon for Petitioners.

Harry W. Horton for Respondents.

HOUSER, J.—Prohibition. A judgment in a justice's court was entered in the docket on March 9, 1923, as follows:

"March 9, 1923.

"After due and careful deliberation upon the evidence adduced in the above entitled action, the court finds for the defendants, and denies plaintiff his claim.

"It is therefore ordered and adjudged that plaintiff take nothing from said defendants, and that said defendants recover their costs herein expended."

On the same day, to wit, March 9, 1923, plaintiff's attorney was served with a notice that judgment had been rendered against plaintiff, which, omitting the title of the court and cause, was as follows:

"1923. Judgment. In the Justice Court of El Centro Township, County of Imperial, State of California, before I. Mayfield, Justice, March 9th, 1923, judgment rendered and entered denying plaintiff his claim, and assessing cost against plaintiff.

"(Sgd.)   I. MAYFIELD,

"Justice of the Peace, El Centro Township."

Within the time prescribed by the statute plaintiff filed with the justice's court his notice of appeal to the superior court of Imperial County from the judgment of said justice's court made and entered against plaintiff; and on April 13, 1923, which was thirty-five days after the entry of the judgment in the docket of the justice's court, plaintiff served a copy of the notice of appeal upon the attorney for one of the defendants. The other defendant was never served with any notice of said appeal. On the eighteenth day of April, 1923, defendants filed with the clerk of the superior court their motion to dismiss the appeal taken by plaintiff on the ground "that said appeal had not been perfected within time—notice of appeal not having been served upon the defendants or upon the attorneys for the said defendants within the time required by law"; that said notice was originally noticed for hearing on April 20, 1923, but by order of the court was continued until April

27, 1923. On April 24th a new notice was served of the hearing of the motion on April 27th, and with the notice were served copies of certain affidavits. The new notice contained the statement that the motion to dismiss would be heard ''upon the files, pleadings and papers in the said cause,'' together with affidavits therein referred to, ''and oral testimony.'' On April 27, 1923, the attorney for plaintiff filed a counter-affidavit in answer to the affidavits which had theretofore been interposed by the attorneys for defendants. But such answering affidavit merely denied, on information and belief, that notice of the rendition of the judgment was given as required by law. When the matter came on for hearing the plaintiff objected to the introduction of the affidavits and the oral testimony interposed by defendants, as well as to the introduction of anything other than the records and files as they were as of date April 18, 1923, when the original notice of motion to dismiss was filed; but notwithstanding such objection said affidavits and oral evidence were introduced at such hearing. Thereafter, and on the thirtieth day of June, 1923, the superior court denied said motion to dismiss the said appeal. In the petition for prohibition herein it is stated that said action ''is now pending in the superior court of Imperial County, California, and the said court and the attorney for said plaintiff therein are threatening to set said cause down for trial, and will set said cause for trial unless prohibited by the order of this honorable court.'' The purpose of this proceeding is to arrest such proposed action by said superior court.

As a matter of form it is possible that the judgment of the justice's court might bear some improvement; but its legality is not seriously questioned except as to that part thereof which purports to carry costs as against plaintiff. As to the judgment itself, counsel for the respondent here makes the admission that ''the judgment entered herein is probably sufficient in form to make the judgment a basis for appeal.'' Section 896 of the Code of Civil Procedure provides that ''the justice must tax and include in the judgment the costs allowed by law to the prevailing party.'' [1] Assuming (without deciding) that the judgment is defective in that the amount of costs recoverable by defendants from plaintiff is not included therein, there would

remain a valid judgment as far as negativing plaintiff's right of recovery on his claim against defendants is concerned. The alleged defect being entirely in plaintiff's favor, is not one of which he should be heard to complain. [2] Neither is it apparent that the notice of the entry of the judgment was insufficient. It was substantially in the form required by the provisions of sections 897 and 893 of the Code of Civil Procedure.

Respondent herein contends that because of the alleged insufficiency of the notice of motion to dismiss the appeal in that said notice contained the statement that said motion would be made on "all the files, pleadings and papers in said cause," evidence as to the service by the justice of the peace of the notice of the rendition of the judgment should not have been received on the hearing of such motion. But the motion also contained the further notification to appellant therein that it would be heard on certain affidavits and oral testimony; and as hereinbefore stated, a counter-affidavit was filed by appellant. [3] That the appearance of said appellant at the hearing and his contest of the motion to dismiss the appeal is a waiver of the sufficiency of the notice to dismiss is settled by the following authorities: *Acock* v. *Halsey*, 90 Cal. 220 [27 Pac. 193]; *Bell* v. *Thompson*, 8 Cal. App. 483 [97 Pac. 158]; *Naylor* v. *Adams*, 15 Cal. App. 353 [114 Pac. 997]; *Bohn* v. *Bohn*, 16 Cal. App. 179 [116 Pac. 568]. [4] It is held in *Dalzell* v. *Superior Court*, 67 Cal. 453 [7 Pac. 910] (syllabus), that where the record of a case on appeal is silent as to the service of the notice of appeal, the fact of service may be proved by an affidavit filed pending the motion to dismiss the appeal on that ground.

[5] Respondent here also urges· that because on the hearing of the motion to dismiss the appeal a question of fact arose as to the service on the attorney for the plaintiff of the notice of the rendition of the judgment, it might have been determined by the court that no such service was made and consequently that the motion to dismiss should be denied. Affidavits and oral testimony adduced by the moving party clearly established such service, and there was no contradiction thereof. The "files, pleadings and papers in the cause" referred to in the notice of motion to dismiss contained no evidence of the service of the

notice of the rendition of the judgment; hence it became necessary to determine that fact by evidence outside the record. There being no evidence to the contrary of that produced showing such service, no conclusion other than that such service was actually made could have been reached by the judge by whom the motion was heard.

[6] Section 974 of the Code of Civil Procedure provides that an appeal from a justice's court may be taken at any time within thirty days after notice of the rendition of the judgment, and that the appeal is taken by filing a notice of the appeal with the justice of the peace and by serving a copy of the notice on the adverse party. The notice of the appeal herein was not served on either of the defendants until after the time prescribed by the statute had expired. Such service within the time limited was a fact without the establishment of which the superior court could not acquire jurisdiction. (*Coker* v. *Superior Court,* 58 Cal. 177; *Dalzell* v. *Superior Court,* 67 Cal. 453 [7 Pac. 910]; *McCracken* v. *Superior Court,* 86 Cal. 74 [24 Pac. 845]; *Niles* v. *Gonzales,* 152 Cal. 93 [92 Pac. 74]; *Crowley etc. Co.* v. *Superior Court,* 10 Cal. App. 344 [101 Pac. 935].)

It follows that the writ should be granted. It is so ordered.

Conrey, P. J., and Curtis, J., concurred.