[Civ. No. 5010. First Appellate District, Division One.—March 23, 1926.]

## ANTONIO CUNIAL, Appellant, v. THE JUSTICE'S COURT OF THE CITY OF BERKELEY, etc., et al., Respondents.

[1] JUSTICE'S COURT—DEFAULT—MOTION TO SET ASIDE—NOTICE—AP-PEARANCE—WAIVER.—Where a plaintiff in a justice's court action having received notice of fact of a motion to set aside defendant's default, to vacate the judgment and permit defendant to answer the complaint, and he (plaintiff), appears and contests the motion, he waives objection to the sufficiency of the notice.

[2] ID.—DEFAULT—JUDGMENT—MOTION TO SET ASIDE—GRANTING OF— JURISDICTION—EVIDENCE.—The facts that a defaulting defendant in a justice's court action opposed the reversal of a judgment in his favor, that his attorney, after reversal of said judgment, stipulated to the amount of damages, following which a subsequent judgment was entered by the justice's court against said defendant, and that a motion to set aside the default made before the entry of the latter judgment was denied by·said court, did not deprive said justice's court of jurisdiction to grant defendant's later motion to set aside the default, vacate the judgment, and permit him to answer the complaint, where such motion was presented and granted within the time limited by section 859 of the Code of Civil Procedure.

(1) 4 C. J., p. 1354, n. 51.    (2) 35 C. J., p. 666, n. 78.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph M. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles A. Cogswell for Appellant.

Wm. M. Abbott, K. W. Cannon and W. Lindley Abbott for Respondents.·

CASHIN, J.—An appeal from a judgment of the superior court in and for the county of Alameda made on *certiorari* dismissing the petition and affirming an order of the Justice's Court of the City of Berkeley vacating a judgment therein rendered.

An action was brought by appellant in the latter court. Summons was served upon the defendant, on whose failure to appear default was entered. On the day of the entry of the default, but after its entry, defendant filed therein a demurrer to the complaint. Following the entry of the default mentioned evidence was taken in support of the allegations of the complaint, whereupon the court entered judgment for defendant. Appellant appealed therefrom to the superior court upon questions of law. Following a hearing in that court, in which the attorney for the defendant participated, the judgment was reversed and the cause remanded. After the remand, but before further proceedings were had in the cause, defendant moved in the Justice's Court for an order setting aside his default, which motion was denied. Subsequently the cause was again heard in the latter court, the attorney for defendant being present; evidence was offered by appellant and a stipulation entered into between the attorneys for the parties as to the amount of damages suffered by appellant, whereupon judgment was entered against the defendant.

[1] On the fourth day thereafter defendant filed a written notice of motion and application for an order setting aside the default, vacating the judgment, and permitting him to answer the complaint, the notice being accompanied by the affidavit of his attorney stating grounds for relief under the provisions of section 859 of the Code of Civil Procedure, which motion was presented and granted within the time limited by the section named. It was alleged in the petition mentioned "that five days notice for the time of hearing of said motion to set aside the default in the Justice's Court heard on the 13th day of December was never given," and "that the time of the hearing of said motion to set aside the default judgment heard on the 13th of December, 1923, was not given in the notice of motion." The notice mentioned, which was supported by an affidavit, was dated December 8, 1923, addressed to appellant and his attorney, and in all respects as to form complied with the requirements of section 1010 of the Code of Civil Procedure, it being therein stated that the motion would be made on *November* 13, 1923. The insertion of the latter date was evidently a clerical error, but one which did not mislead appellant, who appeared at the hearing on December 13,

1923. It was not alleged that the notice and affidavit were not served upon the latter, or that notice in fact of the hearing was not given; and while appellant appeared specially for the purpose of objecting to the placing of the motion on the calendar, it appears from the petition that he thereafter presented argument in opposition to the granting of the motion. In the latter connection the petition states that counsel "did not waive the special appearance of himself on behalf of said plaintiff"; but the rule is well settled that having received notice in fact, he, by appearing and contesting the motion, waived objection to the sufficiency of the notice (*Naylor* v. *Adams*, 15 Cal. App. 353 [114 Pac. 997]; *Brown* v. *Superior Court*, 65 Cal. App. 147, 151 [223 Pac. 426]).

[2] It is contended by appellant that the defendant having opposed the reversal of the original judgment, and having stipulated to the amount of damages, following which the subsequent judgment was entered, and the motion to set aside the default made before the entry of the latter judgment having been denied, the court was without jurisdiction to grant relief under the provisions of section 859 of the Code of Civil Procedure. None of the facts mentioned, whatever their effect in rendering erroneous the subsequent acts of the court, deprived it of jurisdiction. The question whether they were sufficient to estop the defendant from seeking relief under that section was one which the Justice's Court was empowered to determine; and such determination, if erroneous, was nevertheless made in the exercise of its jurisdiction (*Granger* v. *Superior Court*, 159 Cal. 1 [112 Pac. 854]; *Muir* v. *Superior Court*, 58 Cal. 361; *In the Matter of Hughes*, 159 Cal. 360 [113 Pac. 684]).

It appearing that the application for relief was filed, heard, and acted on within the time limited by the provisions of the section, and that appellant had notice of and appeared at the hearing, the order of the court was one made in the exercise of its jurisdiction and was not void (*People* v. *Elkins*, 40 Cal. 642, 647).

The judgment appealed from is affirmed.

Tyler, P. J., and Knight, J., concurred.