PEOPLE OF PUERTO RICO, EX. REL. ADOLFO RODRÍGUEZ DROZ, Petitioner and Appellee, v. FORTUNATO BLANCO MATEO, Defendant and Appellant.

No. 6644. Argued March 20, 1936.—Decided August 1, 1936.

*Leopoldo Tormes García* for appellant. *Agustín E. Font,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Fortunato Blanco Mateo, defendant in a Quo Warranto proceeding, appeals from an adverse judgment and says that:

"1. The lower court committed a serious error, to the prejudice of this defendant-appellant, in denying defendant's motion for the

dismissal of the action, which motion was based on the ground that the investigation had been requested by R. V. Pérez Marchand before the District Court of Ponce, which court did not have jurisdiction to entertain this action, in view of the.fact that the defendant resided in Santa Isabel where he was a member of the municipal assembly, and Santa Isabel was at that time within the Judicial District of Guayama, which court had not issued any order authorizing the proceedings.''

This is the last week of our present term. Our next term begins Monday, November 2, the day before our next general election. If the instant case is not decided now the main question would become practically academic before a decision could be reached. We regret that we are unable to elaborate the reasons upon which we base our decision.

■ Section 2 of ''An Act establishing 'quo warranto' proceedings'', approved March 1, 1902 (Comp. St. 1911, Section 1320) provides that in certan specified circumstances ''. . . the Attorney General or any District Attorney of the respective district courts, either of his own accord or at the instance of any individual relator, may present a petition to the district court of competent jurisdiction, for leave to file an information in the nature of 'quo warranto' in the name of The People of Porto Rico and if such court shall be satisfied that there is probable ground for the proceeding, the court may grant the petition, and order the information to be filed, and process to issue.''

The District Attorney of the District Court of Ponce at the instance of an individual relator presented in that court a petition for leave to file the information in the instant case. The defendant resided and performed his official duties in Santa Isabel within the judicial district of Guayama. When he moved for a change of venue his motion was promptly granted. Guayama, of course, was the proper place of trial., *Denison* v. *State,* 61 S. W. (2d) 1017. But it does not follow that the District Court of Ponce was without jurisdiction to grant leave for the filing of an information in that court.

The District Attorney presented his petition to the district court of his own district and in so doing did not transcend the authority conferred upon him by Section 1320 of the Compiled Statutes, *supra*. If the defendant had not moved for a change of venue, the Ponce court could have proceeded with the case and there would have been no serious question as to its jurisdiction. See Section 82, Code of Civil Procedure (1933 ed.); *Hernáiz Targa & Co.* v. *Vivas*, 20 P.R.R. 99; *Eel River Ry. Co.* v. *State* (Ind.) 57 N. E. 388; *Bohn* v. *Bohn*, 164 Cal. 532.

█ Appellant's second contention is that:

"2.—The judgment in this case is contrary to the facts and to the law.

"(*a*) Because the defendant had never been convicted by any competent court of any felony, nor of any crime involving moral turpitude.

"(*b*) Because, in view of the false and malicious charges made against this defendant to the effect that he had paid certain attendance fees to members of the municipal assembly of Santa Isabel, while this defendant held the office of Secretary-Auditor of said municipality, which charges were the result of a conspiracy against this defendant, the Grand Jury of the Judicial District of Guayama found there was no probable cause to authorize prosecution of the defendant before the petit jury, the grand jury having examined the legal evidence submitted to it by the District Attorney of the District of Guayama, and having endorsed the prosecution bill prepared by the District Attorney of the District Court of Guayama as not a true bill, as a result of which action this defendant was exonerated of any and all responsibility as to these charges by the District Court of Guayama."

The information in the instant case charged:

"*Fourth*.—That about the month of March of 1925, a complaint was filed against the defendant, Fortunato Blanco Mateo, in the District Court of Guayama, similar to this complaint, in which it was alleged in substance that said Fortunato Blanco Mateo had acted illegally and improperly as Auditor of the Municipality of Santa Isabel, and that, after having considered the complaint on its merits, the said District Court of Guayama removed the defendant

in this action from his office as Municipal Auditor of Santa Isabel. The defendant appealed from said judgment to the Supreme Court of Puerto Rico, and said Court affirmed the judgment of the District Court of Guayama on May 31, 1927, which judgment is now final.

"*Fifth.*—That the defendant was removed from a public office, as alleged in the previous paragraphs, upon charges which were proved and which involved immoral conduct, and hence, is legally unable to fill any public offices in Puerto Rico, until he is exonerated by the Governor of Puerto Rico or by any other competent entity authorized to do so, the defendant not having been so far exonerated in any form, nor having been reinstated in his right to fill a public office in this Island of Puerto Rico. (*Blanco* v. *Municipal Assembly,* 33 P.R.R. 902; *People* v. *Blanco,* 36 P.R.R. 784.*"*

Section 18 of the municipal law, as amended by Section 4 of an act approved May 15, 1931 (Laws 600) provides: "That to be eligible as a member of the municipal assembly it shall be necessary . . . not to have served any sentence for a felony or for any other offense involving moral turpitude, nor to have been removed from any public office for delinquency or immoral conduct". There was nothing in the instant case to suggest that defendant had even been convicted of any felony or other offense involving moral turpitude or that he had ever served a sentence "for a felony or for any other offense involving moral turpitude." He had been removed from a public office for delinquency and immoral conduct. See *Blanco* v. *Municipal Assembly of Santa Isabel* and *People* v. *Blanco, supra.* Hence, the fact that he had never been convicted by any competent tribunal of any felony nor of any other offense involving moral turpitude has nothing to do with the case unless there be some merit in appellant's contention that the law conferring upon the municipal assembly the power of removal is unconstitutional and that the investigation of charges preferred against defendant as the municipal secretary-auditor was not due process of law but an usurpation or invasion of the powers belonging to the judiciary. The brief for appellant fails to satisfy us that this legislative grant of authority was

unconstitutional. The further fact that a grand jury had subsequently refused to indict the ex-secretary-auditor on the same or similar evidence as that upon which the municipal assembly based its action is manifestly not a sufficient ground for reversal.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.